**UNITED STATES of America,**

v.

**ROSEN, Michael.**

**Appeal of Michael G. ROSEN.**

**No. 89–5819.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Feb. 9, 1990.

Decided Feb. 21, 1990.

Rehearing and Rehearing In Banc
Denied March 21, 1990.

John J. Hughes, Asst. Federal Public Defender, Trenton, N.J., for appellant.

Samuel A. Alito, Jr., U.S. Atty., Marion Percell, Asst. U.S. Atty., Newark, N.J., for appellee.

Before GREENBERG, SCIRICA, and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Michael G. Rosen, defendant, appeals the sentence imposed by the district court after he pleaded guilty to the charge of sending a threatening communication through the mail with the intent to extort money through threat of injury in violation of 18 U.S.C. § 876 (1988). We have jurisdiction under 28 U.S.C. § 1291 (1982).

From the presentence report and testimony by experts the district court could have found that defendant Rosen is an admitted compulsive gambler. The court determined that his gambling losses grew to the point that he began to write checks from a home equity credit line. According to the presentence report, when he started to have difficulty making credit payments, he turned to extortion. Defendant sent letters to three different acquaintances indicating that, unless money was received, relatives of the victims would be harmed. Defendant pled guilty to one count of a three-count indictment. That one count dealt with only one of the three victims; the other two counts were dismissed as part of the plea agreement.

Before sentencing, the district court held a hearing at which defendant presented expert testimony on compulsive gambling. In addition, the defendant urged, relying on statements in the presentence report and live testimony by experts, that he did not intend or have the capability to carry out the threats made in the letters.

The district court sentenced defendant under § 2B3.2 of the Sentencing Guidelines, promulgated by the Sentencing Commission pursuant to 28 U.S.C. § 991 *et seq.* (Supp. II 1984), to twenty-seven months in custody and five years of supervised release and imposed a special assessment of $50. *See* United States Sentencing Commission, *Guidelines Manual*, § 2B3.2 (Oct. 1988).[1] Guideline § 2B3.2 is entitled "Extortion by Force or Threat of Injury or Serious Damage." The court concluded that the fact that defendant did not intend to carry out his threats did not make this guideline inapplicable. It also determined that, assuming defendant was a compulsive gambler, this affliction was not a mitigating factor justifying departure below the guideline minimum. Finally, it refused to rely on a combination of these two factors to reduce defendant's sentence.

This court's authority to review sentences "imposed as a result of an incorrect application of the sentencing guidelines" is derived from 18 U.S.C. § 3742(a)(2) (1988). Section 3742(e) requires the court of appeals to "give due deference to the district court's application of the guidelines to the facts." This court has recognized that application of the guidelines can present a mixed question of law and fact. In reviewing district court determinations where the question is "essentially factual," we will reverse only if the conclusion is clearly erroneous. If, on the other hand, the question requires consideration of legal concepts, it should be classified as one of law and reviewed *de novo*. *See United States v. Ortiz*, 878 F.2d 125 (3d Cir.1989).

Defendant first contends that, because he did not intend to carry out his threats, his crime is not covered by § 2B3.2 of the guidelines and that the district court should have sentenced him based on the general purposes and policies found within the sentencing guidelines. Because the basic facts underlying defendant's claim for sen-

---

**1.** We will consider the guidelines in effect at the time of defendant's sentencing. 18 U.S.C. § 3553(a)(4) (1988).

tence reduction are not in dispute, this issue requires consideration of legal concepts, and our review is plenary.

■ The sentencing guidelines direct district courts to use the most applicable guideline if more than one guideline is referenced for a particular crime. U.S.S.G. § 1B1.1(a). In this case, of the four guidelines listed in the guidelines' statutory index for 18 U.S.C. § 876, the statute under which defendant was convicted, guideline § 2B3.2 clearly encompasses defendant's crime. The guideline is entitled "Extortion by Force or Threat of Injury or Serious Damage." Defendant urges that § 2B3.2 is inapplicable because it presumes the existence of an intention to carry out a threat. The commentary to the guideline, however, indicates otherwise, stating that the guideline applies "if there was any threat, express or implied, that reasonably could be interpreted as one to injure a person...." U.S.S.G. § 2B3.2, comment. (n.2). As the district court observed, the intent to carry out a threat of violence is irrelevant to the offense to which defendant pleaded guilty. Thus, we cannot say that the district court erred in relying on § 2B3.2.

■ Defendant next argues that the district court misapplied the guidelines in finding him ineligible for a downward departure pursuant to U.S.S.G. § 5K2.13 because of his condition as a compulsive gambler. Our standard of review on this issue of legal construction is plenary. Section 5K2.13 provides:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided

that the defendant's criminal history does not indicate a need for incarceration to protect the public.

Section 5K2.13 thus permits downward departure where (1) the crime is non-violent and (2) a reduced mental capacity contributed to commission of the offense.

Defendant urges that the district court erred in concluding that this guideline did not apply because his crime was violent. Defendant contends that his crime was, in fact, non-violent because it did not involve physical force. Crimes of violence, however, include situations where force is threatened but not used. In other contexts, crimes of violence have been defined as offenses that have "as an element the use, attempted use, or *threatened use* of physical force...." 18 U.S.C. § 16 (1988) (emphasis added); *see* U.S.S.G. § 4B1.2, comment. (n.1). Defendant would have us conclude that § 5K2.13's use of the term "non-violent" means something other than the opposite of a crime of violence.

We can find no support for such a contention and therefore find no error in the district court's determination that defendant's crime was not "non-violent." *See United States v. Borrayo*, 898 F.2d 91 (9th Cir.1989); *cf. United States v. Poff*, 723 F.Supp. 79 (N.D.Ind.1989). Consequently, guideline § 5K2.13 does not authorize a downward departure for this defendant's mental condition.[2]

■ Finally, defendant contends that, even if the absence of violence and a gambling addiction do not constitute grounds for departure, the sentencing court misapplied the guidelines in holding that a combination of these factors could not justify departure under 18 U.S.C. § 3553(b) (1988). Section 3553(b) grants the district court discretion to depart from the guidelines when "there exists an aggravating or miti-

---

**2.** The district court also concluded that defendant's gambling addiction was not a mental condition that contributed to the commission of the crime. It determined that there was no link between compulsive gambling and criminal behavior. It also found that because the crime was committed to pay off a home equity loan, rather than to support gambling directly, it re-

sulted from personal financial and economic difficulties, grounds determined by the Commission to be irrelevant to sentencing. *See* U.S.S.G. § 5K2.12. Our conclusion that defendant's crime was violent suffices to bar a reduction based on § 5K2.13 and we will not address these additional findings.

gating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...."

Both parties agree that the district court believed it was without discretion to depart downward below the guideline range here. If, however, under § 3553(b) the district court did have such discretion, then defendant's sentence, resulting from the court's misunderstanding as to the scope of its power, would constitute a misapplication of the guidelines. We review this determination under § 3742(a)(2) and if, in fact, the district court misunderstood the law, we must vacate defendant's sentence. *See United States v. Denardi*, 892 F.2d 269 (3d Cir.1989); *United States v. Medeiros*, 884 F.2d 75 (3d Cir.1989); *United States v. Russell*, 870 F.2d 18 (1st Cir.1989). Thus, we must decide whether departure from the guidelines is legally permissible for the reasons defendant offers. Our review on this issue is plenary. *Medeiros*, 884 F.2d at 78; *United States v. Uca*, 867 F.2d 783, 786 (3d Cir.1989).

There is no single test to determine when departure is warranted. Section 3553(b) provides that "[i]n determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." We are mindful in our analysis that the interpretive posture suggested by the Sentencing Commission makes clear that departures are the exception, not the rule. *Uca*, 867 F.2d at 787.

Defendant asserts that his lack of intent to carry out threats of violence is a legitimate ground for deaprture under § 3553(b). He urges that it was not a factor considered by the Commission in drafting the particular guideline under which he was sentenced, § 2B3.2. The commentary to this section, however, states that the "guideline applies if there was any threat, express or implied, that reasonably could be interpreted as one to injure a person...." U.S.S.G. § 2B3.2 comment. (n.2). The discussion of violence concerns only the threat, not the carrying out of that threat. This language and the fact that intent to pursue threats is generally irrelevant to the crime to which defendant pleaded guilty convince us that the Commission considered this factor and deemed it irrelevant to sentencing for this crime.

Defendant also argues that his compulsive gambling condition authorizes departure. But, § 5H1.3 provides that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the guidelines, except as provided in the general provisions in Chapter Five." As discussed earlier, defendant's compulsive gambling condition does not justify departure under § 5K2.13, the only potentially relevant section of Chapter Five. Thus, we conclude that the Commission considered and determined that a mental condition of the sort claimed by defendant does not permit departure in cases of violent crimes.

We turn now to the question raised by defendant of whether a combination of factors which in themselves are not grounds for departure justifies departure under § 3553(b). It is true that a circumstance considered by the Commission which differs in "degree" can permit sentencing adjustments. *See* 18 U.S.C. § 3553(b). Such an adjustment would, however, rest on the atypical nature of a considered circumstance. On the other hand, a combination of typical factors does not present an unusual case. While defendant's argument may have some appeal, to justify departure anytime a conjunction of considered factors was involved would make every case different and undermine the uniformity in sentencing sought by the guidelines. Therefore, we conclude that a combination of the factors presented by defendant did not provide grounds for departure under § 3553(b). The district court's conclusion that it was without discretion to depart below the guidelines in this case was not legally erroneous.

Accordingly, the judgment of sentence will be affirmed.