**UNITED STATES of America, Appellee,**

v.

**James BANNISTER,
Defendant, Appellant.**

**No. 90–1633.**

United States Court of Appeals,
First Circuit.

Heard Dec. 3, 1990.

Decided Jan. 25, 1991.

E. James Burke, by Appointment of the Court, with whom Bell & Burke, P.A., Lewiston, Me., was on brief, for defendant, appellant.

F. Mark Terison, Portland, Me., Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., Augusta, Me., and Margaret D. McGaughey, Asst. U.S. Atty., Portland, Me., was on brief, for U.S.

Before CAMPBELL, and
TORRUELLA, Circuit Judges, and
BOWNES, Senior Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Defendant James Bannister appeals from the sentence imposed by the district court. He contends that his right to due process was violated when the court denied his request for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines.[1] *See* Sentencing Reform Act, as amended, 18 U.S.C. § 3551 *et seq;* 28 U.S.C. §§ 991–998. As we find no violation of Bannister's due process right, we affirm the sentence.

### I.

Bannister was convicted following a jury trial of conspiracy to possess with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of possession and aiding and abetting in the possession with intent to distribute in excess of 500 grams of cocaine

---

1. "No person shall be ... deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V.

in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The Presentence Report (PSR) established that in May and June 1988, Bannister was involved in a cocaine distribution network with Daniel Letourneu and Christopher Pizzi in Lewiston and Auburn, Maine. Bannister assisted Letourneu by picking up the cocaine and making deliveries to customers. Letourneu paid Bannister with both cash and cocaine. Bannister assisted Pizzi by viewing and testing the cocaine and by delivering it.

The PSR established a base level of 28 under the Sentencing Guidelines for an offense involving 2 to 3.4 kilograms of cocaine. Applying a two level reduction for Bannister's role as a "minor participant" in the conspiracy, see U.S.S.G. § 3B1.2(b), and an additional two-level reduction for Bannister's acceptance of responsibility, see U.S.S.G. § 3E1.1(a), the PSR calculated a total offense level of 24. As Bannister had no criminal history, his Criminal History Category was determined to be I, which combined with an offense level of 28, placed Bannister within a sentencing range from 51 to 63 months. The PSR found no factors that would warrant departure from this range.

At his sentencing, Bannister objected that the PSR should have recommended that the judge make a downward departure based upon his alleged cooperation with the government in its case against Pizzi.

At the sentencing hearing, counsel and the court explored the extent of Bannister's cooperation. It was brought out, essentially, that Bannister provided no assistance prior to his trial but, after he was convicted, sought to help. By then others except Pizzi were convicted and, while Bannister cooperated to some unspecified degree as to Pizzi, the government's case against him was already strong. At no time did the government make any commitment to file a § 5K1.1 motion to depart downward from the guidelines sentencing range.[2] According to the government, while it had given serious consideration to the filing of such a motion, it ultimately decided not to file for two reasons. First, Bannister had declined to cooperate with the government prior to his trial when his cooperation would have been most helpful; he rejected the government's encouragement to cooperate at that time. Second, Bannister's subsequent assistance was not substantial. The case against Pizzi was strong, and Bannister's help against him was not needed. By the time Bannister offered to help, the government had already obtained convictions against the other conspirators.

The court denied Bannister's request that it make a downward departure and sentenced him to 60 months imprisonment, the mandatory minimum sentence required under 21 U.S.C. § 841(b)(1)(B)(ii). This appeal follows.

## II.

This court has previously upheld the constitutionality of the requirement in § 5K1.1 of the Sentencing Guidelines that a downward departure for substantial assistance turns upon the government's willingness to file a motion on defendant's behalf. *United States v. La Guardia*, 902 F.2d 1010 (1st Cir.1990). That case, is, of course, binding upon us and it provides guidance for deciding this appeal.[3]

Under *La Guardia*, the government's refusal to file a motion on Bannister's behalf forecloses relief unless he can show that the government's refusal was "unmistak-

---

**2.** Section 5K1.1 of the Sentencing Guidelines states in relevant part that "[u]pon motion by the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart form the guidelines."

**3.** In *La Guardia*, we said that constitutional challenges to the guidelines were an exception to the jurisdictional bar against appeals from the sentencing court's refusal to depart. 902 F.2d at 1012. *See United States v. Jimenez-Otero*, 898 F.2d 813, 815 (1st Cir.1990). We take jurisdiction of Bannister's appeal under the same exception. To the extent Bannister may be appealing on less than a constitutional basis—for example, by asking us simply to second-guess the district judge's exercise of discretion— we clearly lack appellate jurisdiction.

ably arbitrary and capricious"—as "where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief." 902 F.2d at 1017 n. 6, 1017. Even then the *La Guardia* court could not promise relief, but indicated that such a showing could justify the court "in taking some corrective action." *Id.* The circumstances here, however, are far from compelling enough to fit within this exception. We add that the district court showed a full understanding of the *La Guardia* standard and diligently applied it when examining the evidence.

The district judge found that prior to Bannister's proceeding to trial, no prosecutorial commitment was made to him, either express or implied, with respect to a downward motion. In any event, Bannister was not disposed to cooperate then. After Bannister was tried and convicted, he offered to help and the government held discussions with him and his counsel. By then his co-conspirators had been convicted except for Pizzi. Bannister did cooperate in some unspecified ways as to Pizzi, but the government determined that his cooperation was insubstantial since, by then, the prosecution had ample evidence against Pizzi from other sources.[4] The district court afforded Bannister adequate opportunity to present such information as he desired regarding the extent of his cooperation, but little beyond the above was developed. On the record presented, the judge understandably did not find that the government's refusal to move under § 5K1.1 was unmistakably arbitrary, finding instead that

> the government has by a fair preponderance of the evidence demonstrated that the government gave fair and sufficient consideration to whether or not this defendant was entitled to have these motions filed by the government and the court concludes, by way of finding that the government's decision not to file those motions or either of them, was not

unmistakably arbitrary and capricious on the basis of the circumstances under which the discussions between the defendant and his counsel was held and taking into account the nature and circumstances of the cooperation that this defendant was in a position to afford.

*Sentencing Transcript* at 48–49. We see no error in the court's determination and no basis upon which to find the "overwhelming evidence" of substantial assistance which under *La Guardia*, alone suffices to create a possible constitutional issue. 902 F.2d at 1017.

*Affirmed.*

---

**4.** We are reminded that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." Application Note 3, Commentary, U.S.S.G. § 5K1.1.