**UNITED STATES of America, Appellee,**

v.

**Christopher J. ROMOLO,**
**Defendant, Appellant.**

**No. 90–2187.**

United States Court of Appeals,
First Circuit.

Heard May 9, 1991.
Decided June 28, 1991.

William McCandless, by appointment of the Court, Gorham, Me., for defendant, appellant.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., and William H. Browder, Jr., Asst. U.S. Atty., Portland, Me., were on brief, for the U.S.

Before CAMPBELL and SELYA, Circuit Judges, and COFFIN, Senior Circuit Judge.

SELYA, Circuit Judge.

Defendant-appellant Christopher Romolo was sentenced to seventy-eight months in prison for his role in a cocaine conspiracy. This sentence, calculated pursuant to the federal sentencing guidelines, was at the bottom end of the applicable guideline sentencing range. Neither the calculation nor the appropriateness of the sentencing range is disputed on appeal. Rather, the appellant argues to us, as he did below, that the sentencing court had the authority to depart *sua sponte* under U.S.S.G. § 5K1.1, on the basis of the appellant's substantial assistance to the authorities, notwithstanding the government's refusal to move for a downward departure.[1] We disagree. But, because certain dictum in *United States v. La Guardia*, 902 F.2d 1010 (1st Cir.1990), upon which the appellant relies, is apparently a source of some

confusion, we take this opportunity to elaborate upon the views intimated therein.

## I. BACKGROUND

Romolo was indicted on three counts of drug trafficking in September 1989. Initial efforts to secure his cooperation failed. On July 2, 1990, however, a nonbinding plea agreement was signed. The agreement provided that Romolo would plead guilty to counts 1 and 2 of the indictment,[2] and would cooperate with the authorities. In exchange, the government agreed to dismiss count 3, to give Romolo letter immunity, and to make his cooperation known to any person(s) whom Romolo might designate. The following day, the court accepted Romolo's change of plea.

Between that date and the initial sentencing conference (September 24, 1990), Romolo assisted Florida law officers in unmasking a drug trafficking operation. At the time of sentencing, the government did not dispute that, during the stated period, Romolo identified a suspected drug trafficker, communicated with him, arranged a sham transaction, and introduced an undercover agent to the suspect. Moreover, Romolo was present when the targets (three Cuban nationals, including Romolo's original contact) were later arrested and two kilograms of cocaine seized. In a letter to the prosecutor, a sergeant of the Fort Lauderdale police department praised Romolo as being "directly responsible" for the three arrests. The letter also indicated that Romolo was continuing to assist in pending investigations.

Despite these efforts, the government stated that it would not move for a downward departure under U.S.S.G. § 5K1.1. The prosecutor told the district court that:

> We consider the cooperation significant, not substantial. It's a question of tim-

1. The guideline provision reads:
   Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
   U.S.S.G. § 5K1.1 (policy statement).

2. Count 1 charged Romolo with conspiring to possess with intent to distribute in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Count 2 charged him with aiding and abetting the possession with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

ing. [Romolo] was in a position to assist the United States early on when he was initially indicted and elected not to execute a plea agreement until the eve of trial and, therefore, was not available as a witness against any codefendants who had all pled guilty or [were] convicted by trial. Historically he was of no value to us.

Defense counsel countered that only one other named coconspirator, McAndrews, was tried between the date Romolo was indicted and the date he pled guilty. He vouchsafed that the appellant could not have provided any real assistance in that case because he only knew McAndrews casually. Endeavoring to pursue the matter, defense counsel wrote to the prosecutor requesting information about the cooperation of, and sentencing recommendations pertaining to, the other alleged coconspirators. Counsel also asked the United States Attorney to describe in detail the nature and extent of the cooperation rendered by the last ten narcotics defendants in whose cases the prosecution had seen fit to move for a downward departure on "substantial assistance" grounds. The government did not provide the requested information and the district court refused to order its disclosure.

Romolo was sentenced on November 1, 1990. In a chambers conference prior to sentencing, defense counsel advised the court that he wanted to introduce evidence anent Romolo's cooperation so that the court might consider whether the government's refusal to move for a section 5K1.1 downward departure was arbitrary and capricious. At sentencing, Romolo renewed his request for an evidentiary hearing and moved for a downward departure pursuant section 5K1.1, notwithstanding the absence of a government motion. The court denied the request for a hearing and eschewed a departure, ruling that the government's decision whether or not to make a section 5K1.1 motion

> is not subject to review by the Court under the plain language of the guidelines themselves, and several cases interpreting that language, and that the Court is, therefore, not going to enter-

tain that evidentiary showing, the Court being satisfied that the government has, under the guidelines, the option to make that decision, and that once made, it is not subject to review by the Court for substantive reasons.

## II. APPELLATE JURISDICTION

Given the fact that the court below properly calculated the guideline range and sentenced the defendant within it, our jurisdiction to review the sentence is sharply circumscribed. Notwithstanding, we believe we have jurisdiction to consider the instant appeal. We explain briefly.

■ It is well settled that, ordinarily, a district court's refusal to depart, regardless of the suggested direction, is not appealable. *See, e.g., United States v. Harotunian,* 920 F.2d 1040, 1044 (1st Cir.1990); *United States v. Sanchez,* 917 F.2d 607, 613 (1st Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991); *United States v. Ruiz,* 905 F.2d 499, 508–09 (1st Cir.1990); *United States v. Pighetti,* 898 F.2d 3, 4–5 (1st Cir.1990); *United States v. Tucker,* 892 F.2d 8, 10 (1st Cir.1989); *see also United States v. Soto,* 918 F.2d 882, 883 n. 2 (10th Cir.1990) (collecting representative cases from various circuits). It is, however, equally well recognized that appellate jurisdiction may attach in those few situations where the lower court's decision not to depart is based on the court's mistaken view that it lacks the legal authority to consider a departure. *See United States v. Rushby,* 936 F.2d 41, 42 (1st Cir.1991); *United States v. Poff,* 926 F.2d 588, 590–91 (7th Cir.1991), *petition for cert. filed,* No. 90–7874 (April 29, 1991); *United States v. Sharpsteen,* 913 F.2d 59, 63 (2d Cir.1990); *United States v. Lowden,* 905 F.2d 1448, 1449 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 206, 112 L.Ed.2d 166 (1990); *United States v. Ortez,* 902 F.2d 61, 64 (D.C.Cir. 1990); *United States v. Bayerle,* 898 F.2d 28, 31 (4th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990); *United States v. Rosen,* 896 F.2d 789, 792 (3d

Cir.1990); *United States v. Evidente*, 894 F.2d 1000, 1005 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990); *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir.1989); *United States v. Russell*, 870 F.2d 18, 20–21 (1st Cir.1989) (per curiam). To be sure, there is no unanimity regarding whether such jurisdiction is conferred by 18 U.S.C. § 3742(a)(1) (granting appellate jurisdiction over sentences imposed in violation of law) or 18 U.S.C. § 3742(a)(2) (granting appellate jurisdiction over sentences resulting from incorrect applications of the guidelines). *Compare, e.g., Poff*, 926 F.2d at 590–91 *and Bayerle*, 898 F.2d at 31 (jurisdiction exists under § 3742(a)(1)) *with, e.g., Lowden*, 905 F.2d at 1449 *and Rosen*, 896 F.2d at 792 (jurisdiction exists under § 3742(a)(2)); *see also Evidente*, 894 F.2d at 1005 (appellate jurisdiction is conferred by both sections of the statute); *Fossett*, 881 F.2d at 979 (same). Yet, we see no need to plunge into this maelstrom under the present circumstances. After all, where the critical question involves the judge's view of the law, that is, whether or not the judge lacked statutory authority to consider departing, nothing would turn on a more precise refinement of the jurisdictional calculus.

This appeal exemplifies the point. The appellant challenges neither the district court's declination to exercise admitted discretion nor its application of settled law to idiosyncratic facts. Rather, he advances a "purely legal" issue. In such circumstances, we think it is sufficient, as we did in *Russell*, 870 F.2d at 20–21, and as the District of Columbia Circuit appears to have done in *Ortez*, 902 F.2d at 63–64, merely to note the existence of appellate jurisdiction without further particularization. Hence, we rule that an appeal will lie to test whether, under U.S.S.G. § 5K1.1, a district court possesses statutory authority to depart downward in the absence of a prosecution motion. *Accord United States v. Gonzales*, 927 F.2d 139, 142 (3d Cir.1991)

(jurisdiction exists under § 3742(a)(2) to consider an appeal of a district court's refusal to depart for substantial assistance in absence of a government motion); *United States v. Chotas*, 913 F.2d 897, 899 (11th Cir.1990) ("a challenge not to the merits of a district court's refusal to depart but to the district court's decision that it lacked the statutory authority to depart ... presents a cognizable claim on appeal under § 3742(a)(1), (2)"), *cert. denied,* —— U.S. ——, 111 S.Ct. 1421, 113 L.Ed.2d 473 (1991).

## III. THE AUTHORITY TO DEPART

We resolve the merits of the instant appeal by holding that a district court may not depart pursuant to section 5K1.1 absent a government motion seeking such a departure.

It is beyond dispute that, while the Sentencing Commission established different criteria for other kinds of departures, it hung the district court's authority to depart under section 5K1.1 on a single hook: a motion from the government. We have held this design to be constitutionally acceptable. *See La Guardia*, 902 F.2d at 1013–16. Moreover, the design did not arise by happenstance. As the Eleventh Circuit has observed, the proviso tracked the wording of 18 U.S.C. § 3553(e), which Congress itself drafted to allow departures below the mandatory minimum sentences fixed by certain criminal statutes only upon the incidence of a prosecution motion. *See Chotas*, 913 F.2d at 901; *see also La Guardia*, 902 F.2d at 1012 n. 2.

The guideline not only draws its essence from the statutory scheme, but is couched in unequivocal language admitting of no exceptions. We are duty bound to follow its plain meaning. Thus, in the absence of a government motion, a sentencing court may not depart downward under section 5K1.1 to reward a defendant's assistance to the authorities.[3] *Accord United States v.*

---

**3.** This reading of section 5K1.1 does not insulate the government from judicial review where the government has agreed in a plea agreement to file a motion in return for a defendant's assistance. That situation is, of course, wholly dis-

tinct. *See United States v. Conner,* 930 F.2d 1073, 1075 (4th Cir.1991) ("once the government uses its § 5K1.1 discretion as a bargaining chip in the plea negotiation process, that discretion is circumscribed by the terms of the agreement");

*Villarino,* 930 F.2d 1527, 1529 (11th Cir. 1991); *Gonzales,* 927 F.2d at 145; *United States v. Sharp,* 927 F.2d 170, 175 (4th Cir.1991); *United States v. Levy,* 904 F.2d 1026, 1035 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 974, 112 L.Ed.2d 1060 (1991); *Ortez,* 902 F.2d at 64; *see also United States v. Ocasio,* 914 F.2d 330, 333 (1st Cir.1990) ("the guidelines forestall any attempt to use an accused's substantial assistance as a springboard for downward departure except in cases where the prosecution has moved for such a dispensation").

That would be the end of the matter, were it not for our dictum in *La Guardia.* There, notwithstanding the mechanical nature of section 5K1.1, we mentioned that, in a truly extraordinary case,

> the possibility remains open that, if the government declines to move for a departure under circumstances where the omission is unmistakably arbitrary and capricious, the failure itself, as opposed to the rendering of substantial assistance, may be an "aggravating circumstance" not envisioned by the Commission, and thus afford a basis for downward departure.

*La Guardia,* 902 F.2d at 1017 n. 6. Appellant's counsel reads this reference as broaching a possible exception to the government motion requirement. That reading is misguided. The simple, unvarnished fact remains that, without a government motion, a sentencing court cannot depart downward under U.S.S.G. § 5K1.1, despite meanspiritedness, or even arbitrariness, on the government's part.[4] The *La Guardia* footnote was intended only to acknowledge the broad theoretical compass of a different departure provision, U.S.S.G. § 5K2.0, which implements the statutory direction that a sentencing court may depart in the face of "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).

Thus far, the courts of appeals that have considered the interface between section 5K2.0 and section 5K1.1 have concluded that the former cannot be animated by the defendant's substantial assistance because that circumstance was duly considered by the Commission in promulgating section 5K1.1. *See, e.g., United States v. Justice,* 877 F.2d 664, 666 (8th Cir.) ("Because the Commission has provided a policy statement relating to substantial assistance to authorities[,] departure under § 3553(b) would be improper. Any departure for substantial assistance must be made, if at all, pursuant to section 5K1.1."), *cert. denied,* —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989); *accord Chotas,* 913 F.2d at 900; *United States v. Reina,* 905 F.2d 638, 641 (2d Cir.1990); *United States v. Bruno,* 897 F.2d 691, 695 (3d Cir.1990). In general, we agree. But since, by its very nature, section 5K2.0 includes within its purview those *considered* circumstances that emerge *to a degree* not contemplated by the Sentencing Commission, "a district court may depart if it finds a material

---

*see also United States v. Havener,* 905 F.2d 3, 8 (1st Cir.1990) ("We can find no legal basis for requiring the government to make a § 5K1.1 motion when it did not promise explicitly ... to do so, and no such promise need be implied to make the agreement meaningful."); *La Guardia,* 902 F.2d at 1016 (" a defendant has the right to reserve his assistance unless the government, by plea agreement, commits to seeking a downward departure").

**4.** This appeal does not raise, and consequently we do not address here, whether a defendant might be entitled to relief from the prosecutor's eschewal of a section 5K1.1 motion if there were evidence that the prosecutor refused to file such a motion in contravention of constitutionally protected rights, such as race or religion.

That type of misconduct would appear to constitute an appealable event wholly separate from considerations associated with the proper application of the guidelines. *See Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985) (prosecutorial discretion, while broad, will not be tolerated if based on unjustifiable standards such as infringement of protected statutory or constitutional rights); *United States v. Doe,* 934 F.2d 353, 361 (D.C.Cir. 1991) ("we believe that limited review [of a prosecutor's refusal to file a § 5K1.1 motion] would be available under the same standards currently employed by district courts to review other matters committed to prosecutorial discretion"); *United States v. Bayles,* 923 F.2d 70, 72 (7th Cir.1991) (similar).

circumstance which, although considered by the Sentencing Commission, is present 'to a degree' neither readily envisioned nor frequently seen in connection with the offender and/or the offense of conviction." *United States v. Sklar*, 920 F.2d 107, 115 (1st Cir.1990). We think it is theoretically possible, albeit unlikely, that such a situation could develop in connection with either the question of a defendant's substantial assistance or the somewhat related question of whether the circumstances surrounding the prosecution's failure to file the prerequisite motion might justify the favorable exercise of judicial discretion under U.S.S.G. § 5K2.0.

■ We need not dwell, however, on hypothetical possibilities. When Romolo sought relief under section 5K1.1, the government provided a statement of its reasons for not filing the latchkey motion. The statement was explicit. The prosecution had an overall duty to disclose all factual information pertinent to sentencing to the district court, *see La Guardia*, 902 F.2d at 1016; *United States v. Hogan*, 862 F.2d 386, 389 (1st Cir.1988), and the prosecutor's statement fulfilled that duty as regards Romolo's cooperation. And, the sentencing court was by no means limited to the contents of that statement. The reports of the appellant's debriefings and of the Florida investigation were made part of the record. Defense counsel was allowed to introduce the letter from the Fort Lauderdale police, *see supra* p.3, and to limn the defendant's account of his cooperation. In short, Romolo, by his own proffer, was able to "call[ ] the nature and extent of his assistance to the court's attention." *La Guardia*, 902 F.2d at 1016.

The district court supportably found the government's statement to be "facially reasonable." We agree. When one juxtaposes what the defendant says he did with the government's version of why no motion eventuated, Romolo's case falls nowhere near the level of egregiousness which would be required to initiate serious consideration of a section 5K2.0 departure. *Cf., e.g., United States v. Bannister*, 924 F.2d 21, 23 (1st Cir.1991) (concluding that government's refusal to move for downward departure was not "unmistakably arbitrary" on particular facts); *La Guardia*, 902 F.2d at 1018 (similar).

■ We likewise reject the appellant's claim that the district court erred in refusing his request for an evidentiary hearing. The inauguration of guideline sentencing in the federal system reduced the district court's discretion in fixing a defendant's sentence, but did not purport to cabin the court's discretion in choosing suitable procedures for use in ascertaining the facts relevant to its sentencing determination. The critical facts pertaining to defendant's cooperation were essentially uncontested. Indeed, the defendant's quest for data, and for a hearing, was aimed far less at disputing what assistance he had, or had not, rendered, and much more at questioning the sagacity of an evaluative judgment committed by law to the prosecution. In short, the incremental information that the defendant sought to discover was largely irrelevant.[5] Under the circumstances, the lower court was not obliged to convene an evidentiary hearing. *See, e.g., United States v. Ibanez*, 924 F.2d 427, 430 (2d Cir.1991) (sentencing court need not conduct full-blown evidentiary hearing every time a defendant requests one); *United States v. Gerante*, 891 F.2d 364, 367 (1st Cir.1989) (decision whether or not to conduct an evidentiary hearing lies within sound discretion of the sentencing court); *see also United States v. Panitz*, 907 F.2d 1267, 1273 (1st Cir.1990) (no evidentiary hearing required in criminal case where defendant failed to "make a sufficient threshold showing that material facts were in doubt or dispute"); *United States v. Pellerito*, 878 F.2d 1535, 1545 (1st Cir.1989) (in a criminal case, the movant ordinarily has the obligation "to justify holding an evidentiary hearing"). In sentencing mat-

---

5. It is noteworthy that the information was primarily comparative in nature. *See supra* p.4. Yet this court has held squarely that discrepancies in comparative outcomes cannot justify downward departures. *See United States v. Carr*, 932 F.2d 67, 72–73 (1st Cir.1991) (citing and quoting *United States v. Joyner*, 924 F.2d 454, 460–61 (2d Cir.1991)).

ters, as elsewhere, "hearings cannot be convened at the whim of a suitor...." *United States v. DeCologero*, 821 F.2d 39, 44 (1st Cir.1987).

## IV. CONCLUSION

To recapitulate, we hold that a district court may not depart under U.S.S.G. § 5K1.1 on the basis of a defendant's substantial assistance unless the government has moved for such a departure. Because no such motion was made in this case, and because Romolo's sentencing was not infected by any cognizable legal error, the judgment below must be

*Affirmed.*