10 F.3d 805
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Kayode ALABI, Defendant, Appellant.
 No. 93-1895.
 United States Court of Appeals,
First Circuit.
 November 18, 1993
 
 Appeal from the United States District Court for the District of Rhode Island
 Leo Wold and Goldenberg & Muri on brief for appellant.
 Edwin J. Gale, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, on brief for appellee.
 D.R.I.
 DISMISSED
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Timothy K. Alabi pled guilty to two counts of distributing heroin in violation of 18 U.S.C. Sec. 841(a)(1), and was sentenced to serve 24 months in prison, a sentence which was at the low end of the applicable guideline range. At sentencing, Alabi argued for a downward departure from that guideline range, but the court declined to depart downward. Alabi has appealed, claiming that the court believed that it had no legal authority to depart in Alabi's case and that departure was justified. Since we find that the court was aware that it had authority to depart downward, but did not do so because it did not think that departure was justified under the circumstances, we dismiss the appeal for lack of jurisdiction. See United States v. Romolo, 937 F.2d 20, 22 (1st Cir. 1991) (a district court's refusal to depart is not appealable unless based on the court's mistaken view that it lacked the legal authority to consider a departure).
 
 
 2
 At sentencing, Alabi claimed that he deserved a downward departure for various reasons: he had worked his whole life to support his wife and four children; he had attended school and received a college degree while working in order to improve his ability to support his family; if he were incarcerated, his wife's income would not be enough to pay the family's expenses; he had no previous criminal record; and he had agreed to distribute heroin on two occasions only at the insistence of a friend who needed his help. The government argued against any downward departure, stating that Alabi's case was "utterly ... ordinary" and within the "heartland" of guideline cases. See United States v. Rivera, 994 F.2d 942, 947 (1st Cir. 1993) (under the Sentencing Guidelines, "unusual" cases that fall outside the "heartland" are candidates for departure; the "heartland" consists of typical cases that embody the conduct described in the guidelines).
 
 
 3
 Our review of the sentencing transcript shows that the court believed that it had authority to depart downward in unusual cases falling outside the heartland of the sentencing guidelines, but that the court did not believe that Alabi's case was an unusual one. In doing so, the court evaluated the degree to which factors such as Alabi's education, employment record, and family ties and responsibilities deviated from the ordinary, and its analysis tracked the discussion and analysis in Rivera, supra. See id. at 948 (factors such as education, employment record, and family ties and responsibilities can remove a case from the heartland and justify downward departure, but only if they are present "in a manner that is unusual or special, rather than 'ordinary.' ").
 
 
 4
 Against this backdrop, it is clear that the court's comment regarding "forbidden" grounds for departure applied only to the "personal financial difficulties" in which Alabi's family would find itself if Alabi were incarcerated. The court was correct in concluding that that factor would be a forbidden ground for departure. See U.S.S.G. Sec. 5K2.12, p.s. (1992) ("The Commission considered the relevance of economic hardship and determined that personal financial difficulties ... do not warrant a decrease in sentence."); Rivera, 994 F.2d at 949 (the sentencing court is not free to consider departing on the basis of forbidden factors such as personal financial difficulties even if the factor makes the case "unusual"). Likewise, in context, the court's complaint about its lack of discretion appears to have been directed to sentencing under the guidelines in general, and did not reflect the court's belief that it could not depart downward on the basis of factors such as education, employment record, and family ties and responsibilities.
 
 
 5
 Appeal dismissed.