USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 93-1892 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. GUY J. SCARPACI, Defendant, Appellant.  ____________________ No. 93-2222 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. ROBERT M. GAWLOWICZ, Defendant, Appellant.  ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________  ____________________ Cyr and Stahl, Circuit Judges, ______________ and Zobel,* U.S. District Judge. ___________________  ____________________  ____________________ *Of the District of Massachusetts, sitting by designation. Robert E. Kenney for appellant Scarpaci. ________________ Willie J. Davis for appellant Gawlowicz. _______________ Peter A. Mullin, Assistant United States Attorney, with whom ________________ Donald K. Stern, United States Attorney, and Dennis C. Mahoney, _________________ ___________________ Special Assistant United States Attorney, were on brief for appellee.  ____________________ August 17, 1994  ____________________ 2 Per Curiam. Appellants Guy Scarpaci and Robert Gaw- Per Curiam __________ lowicz challenge the sentences imposed following their convic- tions on fraud charges. Scarpaci contends that the district court improperly enhanced his sentence for obstruction of jus- tice. Gawlowicz claims that the court mistakenly believed that it lacked authority to depart below the Guideline Sentencing Range (GSR). Finding no merit in their contentions, we affirm the district court judgments. Scarpaci and Gawlowicz were associated with United States Funding (USF), a mortgage broker which was engaged in finding and providing mortgage financing for USF clients. Scarpaci founded USF and served as its president and sole stock- holder throughout its existence. Gawlowicz was employed by USF. USF engaged in various types of fraud: falsifying information pertaining to the financial condition of borrowers and the value of their collateral; paying kickbacks to an officer of a finan- cial institution which purchased loans from USF; preparing false financial statements relating to USF itself; and kiting checks. Scarpaci was involved in all aspects of USF's fraudulent activi- ties. Gawlowicz helped prepare numerous false appraisals for use by USF. On appeal, Scarpaci challenges the two-point upward adjustment imposed for obstructing justice. See U.S.S.G. - ___ 3C1.1.1 Although Scarpaci concedes that USF records were  ____________________ 1Scarpaci has withdrawn a claim that the district court erred in combining upward adjustments under U.S.S.G. 2F1.1(b)- (2) (more than minimal planning) and U.S.S.G. 3B1.1(a) (manage- 3 destroyed, he argues that there was no proper basis for finding that he caused their destruction with intent to obstruct jus- tice.2 We review the sentencing court's findings of fact for clear error. United States v. Figaro, 935 F.2d 4, 8 (1st Cir. _____________ ______ 1991). The presentence report (PSR) states that Scarpaci instructed Stephen Wilson to destroy USF documents in order to impede the criminal investigation. Scarpaci did not contradict this proposed PSR finding, but merely responded that he had "no present recollection" of such an instruction. Thus, the district court finding that Scarpaci obstructed justice was supportable on uncontroverted information related in the PSR. See United States ___ _____________ v. Blanco, 888 F.2d 907, 908-09 (1st Cir. 1989) (defendant's ______ failure to dispute truth of statement provided proper basis for finding). Gawlowicz attempts to challenge the district court's decision not to depart below the GSR. Unless the district court misapprehended its authority to make such a departure, however,  ____________________ rial role in offense). See United States v. Lilly, 13 F.3d 15, ___ ______________ _____ 17-18 (1st Cir. 1994) (holding these adjustments not mutually exclusive). 2Scarpaci further argues that there could have been no obstruction of justice because the information in the destroyed USF records was readily obtainable by the government, and that he did not give instructions to destroy the documents with the intent of obstructing any investigation. Aside from the problem- atic assumptions upon which these claims are premised, Scarpaci neglected to surface either contention before the district court. As neither argument was raised below, both are deemed waived. United States v. Dietz, 950 F.2d 50, 55 (1st Cir. 1991). _____________ _____ 4 we have no jurisdiction to review its departure decision. United ______ States v. Romolo, 937 F.2d 20, 22 (1st Cir. 1991). ______ ______ Gawlowicz cited three alleged grounds for the departure request: his minimal role in the offense, the need to "equalize" sentences among codefendants, and economic duress. Although the court approved a four-point downward adjustment pursuant to U.S.S.G. 3B1.2, due to Gawlowicz' minimal role in the offense, it declined to depart below the GSR. Gawlowicz insists that the court's comments at sentencing evince a misunderstanding of its authority, under United States v. Rivera, 994 F.2d 942 (1st Cir. _____________ ______ 1993), to depart downward: THE COURT: Let me say this: I don't think _________ as a matter of law that I can [depart] here. If I am wrong and you want to appeal that point, maybe I will get some guidance from you on appeal. I think as a matter of law I may not do what you suggest. The sentencing hearing transcript as a whole reveals, however, that the court fully appreciated the bounds of its departure authority but concluded that departure was not warranted in the circumstances of this case.3 The court was conversant with  ____________________ 3In rejecting the departure request, the court stated: I don't think this is that kind of cir- ____ ____ __ ____ cumstance. There are cases that go the other _________ way that are quite specific . . . But, on the other hand, there is always a ray of light. I don't see that in this case . . . I _ _____ ___ ____ __ ____ ____ have Riviera [sic] . . . I thought it was an _______ excellent opinion, and it provides us with more guidance than we have had up to this point, and if more is coming, that is very well. (Emphasis added.) 5 Rivera and related case law, as well as the Guidelines. Two of ______ the grounds upon which Gawlowicz based his departure request equalization of sentences and economic duress are forbidden _________ grounds for departure. See United States v. Wogan, 938 F.2d ___ _____________ _____ 1446, 1448 (1st Cir.) ("a perceived need to equalize sentencing [among defendants] . . . will not permit a departure"), cert. _____ denied, 112 S. Ct. 441 (1991); Rivera, 994 F.2d at 949 (personal ______ ______ financial difficulties do not permit departure). Thus, the court correctly perceived that a downward departure was not permitted in these circumstances. See United States v. LeBlanc, 24 F.3d ___ _____________ _______ 340, 348 (1st Cir. 1994).4 Consequently, we lack jurisdiction to entertain a challenge to the district court decision denying the request for a downward departure. Affirmed. Affirmed. ________  ____________________ 4We think it clear also that a downward departure was not warranted based solely on Gawlowicz's minimal role in the of- fense, as the court reflected this factor in its four-point downward adjustment under U.S.S.G. 3B1.2. 6