37 F.3d 1484
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Anthony MCKINNEY, Defendant, Appellant.
 No. 94-1376
 United States Court of Appeals,
First Circuit.
 Oct. 14, 1994
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Ronald R. Lagueux, U.S. District Judge ]
 Edward J. Romano on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Lawrence D. Gaynor, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 APPEAL DISMISSED.
 Before Cyr, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant pleaded guilty to a two- count indictment charging him with violations of 18 U.S.C. Secs. 846 and 841(a)(1) & (b)(1)(B) concerning a cocaine base conspiracy. Because appellant had a prior drug felony conviction, he was subject to a mandatory minimum sentence of ten years. See Sec. 841(b)(1)(B). The district court therefore imposed a ten-year sentence. Appellant's only issue on appeal is whether the district court had the authority to sua sponte depart downward from this statutorily prescribed minimum term of imprisonment based on the "substantial assistance" he allegedly provided to the government.
 
 
 2
 It is well settled that a refusal by the district court to depart downward is not appealable. United States v. Romolo, 937 F.2d 20, 22 (1st Cir. 1991). See United States v. McAndrews, 12 F.3d 273, 276 (1st Cir. 1993) (general rule that departure decisions are non-appealable applies to situation of departures for substantial assistance). This jurisdiction rule, in turn, is subject to the "equally well recognized" principle that "appellate jurisdiction may attach in those few situations where the lower court's decision not to depart is based on the court's mistaken view that it lacks the legal authority to consider a departure." Romolo, 937 F.2d at 22.
 
 
 3
 Both U.S.S.G. Sec. 5K1.1 and 18 U.S.C. Sec. 3553(e) govern downward departures based on a defendant's substantial assistance to the government. However, these provisions are activated only upon a motion by the government. See Wade v. United States, 112 S. Ct. 1840, 1843 (1992) (district court's authority to depart downward based on substantial assistance is conditioned on a motion by the government); United States v. Mariano, 983 F.2d 1150, 1155 (1st Cir. 1993) ("a government motion is a sine qua non to a departure for a defendant's substantial assistance"); Romolo, 937 F.2d at 23 (same).
 
 
 4
 Because the government did not file such a motion, the district court was correct in stating that it had no discretion in the matter. As such, we note our lack of jurisdiction and summarily dismiss the appeal under Local Rule 27.1.