USCA1 Opinion

 

 October 14, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1376 UNITED STATES, Appellee, v. ANTHONY MCKINNEY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, and ____________________ Stahl, Circuit Judge. _____________ ____________________ Edward J. Romano on brief for appellant. ________________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran ___________________ ___________________ and Lawrence D. Gaynor, Assistant United States Attorneys, on brief ___________________ for appellee. ____________________ ____________________ Per Curiam. Appellant pleaded guilty to a two- ___________ count indictment charging him with violations of 18 U.S.C. 846 and 841(a)(1) & (b)(1)(B) concerning a cocaine base conspiracy. Because appellant had a prior drug felony conviction, he was subject to a mandatory minimum sentence of ten years. See 841(b)(1)(B). The district court therefore ___ imposed a ten-year sentence. Appellant's only issue on appeal is whether the district court had the authority to sua sponte depart downward from this statutorily prescribed minimum term of imprisonment based on the "substantial assistance" he allegedly provided to the government. It is well settled that a refusal by the district court to depart downward is not appealable. United States v. _____________ Romolo, 937 F.2d 20, 22 (1st Cir. 1991). See United States ______ ___ _____________ v. McAndrews, 12 F.3d 273, 276 (1st Cir. 1993) (general rule _________ that departure decisions are non-appealable applies to situation of departures for substantial assistance). This jurisdiction rule, in turn, is subject to the "equally well recognized" principle that "appellate jurisdiction may attach in those few situations where the lower court's decision not to depart is based on the court's mistaken view that it lacks the legal authority to consider a departure." Romolo, 937 ______ F.2d at 22. Both U.S.S.G. 5K1.1 and 18 U.S.C. 3553(e) govern downward departures based on a defendant's substantial assistance to the government. However, these provisions are activated only upon a motion by the government. See Wade v. ___ ____ United States, 112 S. Ct. 1840, 1843 (1992) (district court's _____________ authority to depart downward based on substantial assistance is conditioned on a motion by the government); United States _____________ v. Mariano, 983 F.2d 1150, 1155 (1st Cir. 1993) ("a _______ government motion is a sine qua non to a departure for a _____________ defendant's substantial assistance"); Romolo, 937 F.2d at 23 ______ (same). Because the government did not file such a motion, the district court was correct in stating that it had no discretion in the matter. As such, we note our lack of jurisdiction and summarily dismiss the appeal under Local _______ Rule 27.1. -3-