**UNITED STATES of America**

v.

**Eduardo ORTEZ, Appellant.**

**No. 89–3137.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 22, 1990.

Decided April 24, 1990.

Ed Wilhite, with whom G. Allen Dale, Washington, D.C., was on the brief, for appellant.

J. Douglas Wilson, Atty., Dept. of Justice, Washington, D.C., for appellee.

Before SENTELLE, Circuit Judge, ROBINSON, and TIMBERS,* Senior Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Appellant Eduardo Ortez appeals from the District Court's ruling sentencing him to 27 months of imprisonment followed by three years of supervised release after his conviction on two counts of unlawful possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(C) and 18 U.S.C. § 2. Ortez challenges the District Court's refusal to depart downward from the applicable Sentencing Guidelines range of 27 to 33 months of imprisonment. Ortez argues that the District Court should have departed downward from the applicable guidelines range in order to reward him for substantial assistance to the authorities; that the District Court should have specifically enforced his plea agreement with the government allegedly requir-

---

* Of the United States Court of Appeals for the Second Circuit, sitting by designation pursuant to 28 U.S.C. § 294(d).

ing the government to file a motion for such a downward departure; that to the extent that the guidelines precluded the District Court from sentencing Ortez to probation, the guidelines conflict with their own enabling legislation, and that the District Court's decision not to depart was tainted by a number of factual misapprehensions by the District Court. We conclude that the District Court properly declined to depart below the applicable guidelines range in this case and that none of Ortez's other allegations of error merits relief.

## I.  BACKGROUND

On January 26, 1989, Eduardo Ortez was arrested and charged with possession with intent to distribute cocaine. Ortez negotiated a written agreement with the government pursuant to which he pled guilty to two counts of possession with intent to distribute cocaine.  21 U.S.C. § 841(a) and (b)(1)(C).  The agreement stated that if Ortez cooperated as stated in the agreement, and if his cooperation was such that he rendered substantial assistance in the investigation and prosecution of others involved in criminal activities, then the government would file a motion advising the court of the defendant's favorable assistance and substantial cooperation, thereby allowing the judge to impose a sentence below the minimum sentence established in the Sentencing Guidelines calculation. The cooperation provision of the agreement required that Ortez "completely, candidly and truthfully" provide any information, records, drugs, or contraband which related directly or indirectly to criminal activity. In exchange for Ortez's guilty plea, the government also agreed not to prosecute Ortez for the other violations that were the subject of its investigation.

The Presentence Report set Ortez's offense level at 18, and his criminal history category at I.  Based on the sentencing grid, Ortez's sentence range was 27 to 33 months of imprisonment.  Ortez argued that he was entitled to a departure below the guidelines range for a number of reasons, particularly due to his cooperation with the government.  The government, however, did not file a motion confirming Ortez's cooperation, but instead explained that Ortez had not provided the substantial assistance sought from him, and that he had declined to wear a wire or to allow an agent to participate in a drug transaction.

The District Court concluded that under the guidelines it could not depart downward from the applicable sentence range to reward Ortez for his cooperation unless the government filed a motion confirming that Ortez had provided substantial assistance. The District Court went on to conclude that departure from the Sentencing Guidelines was not warranted, and it sentenced Ortez to 27 months of imprisonment—the most lenient sentence available in the range established by the applicable guidelines.

## II.  DISTRICT COURT'S REFUSAL TO DEPART DOWNWARD

The Sentencing Guidelines provide:

Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

*Sentencing Guidelines Manual* § 5K1.1 (policy statement). Ortez argues that the District Court erred in concluding that it should not depart under this provision absent a government motion confirming that Ortez had provided substantial assistance. Ortez further contends that if § 5K1.1 is read to require a government motion before the court can depart downward for substantial assistance, the provision conflicts with the enabling legislation, particularly 28 U.S.C. § 994(n), and is unconstitutional.

■  Decisions not to depart downward from an applicable guidelines range are generally reviewable only to the extent that they were imposed in violation of law or were imposed as a result of an incorrect application of the Sentencing Guidelines. 18 U.S.C. § 3742(a).  *See also United States v. Franz*, 886 F.2d 973 (7th Cir. 1989); *United States v. Fossett*, 881 F.2d

976 (11th Cir.1989); *United States v. Colon,* 884 F.2d 1550 (2d Cir.1989), *cert. denied sub nom. Papathanasion v. United States,* ─── U.S. ───, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). The District Court's decision not to depart downward in this case is thus reviewable if the District Court committed error in construing its own statutory authority to depart downward from the applicable guidelines range. *Fossett,* 881 F.2d at 979–80. The District Court committed no such error.

■ The District Court in this case did not, in fact, have the power to depart downward from the applicable guidelines range due to Ortez's substantial assistance without a government motion confirming that Ortez provided such assistance. The plain language of § 5K1.1 is very clear: the provision allows for a departure for substantial assistance to authorities "[*u*]*pon motion of the government* stating that the defendant has made a good faith effort to provide substantial assistance ..." (emphasis added). Absent such a motion by the government, the guidelines do not authorize the sentencing court to depart below the applicable guidelines range in recognition of substantial assistance.

We recognize that at least two courts have suggested that it may be possible for a district court to consider a departure under § 5K1.1 even absent a government motion. *United States v. Justice,* 877 F.2d 664, 668–69 (8th Cir.), *cert. denied,* ─── U.S. ───, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989); *United States v. White,* 869 F.2d 822, 828–29 (5th Cir.), *cert. denied,* ─── U.S. ───, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). The Eighth Circuit's suggestion in *Justice* was purely *dicta,* as the court explicitly decided not to reach the question of whether in an appropriate case a district court might be empowered to grant a downward departure for substantial assistance under § 5K1.1 notwithstanding the government's refusal to file a motion for such a departure. 877 F.2d at 669. The Fifth Circuit's

conclusion in *White,* that § 5K1.1 does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize substantial assistance, conflicts with the plain language of § 5K1.1. In any event, most courts applying § 5K1.1 have concluded that it authorizes downward departures for substantial assistance only upon motion of the government. *United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989), *cert. denied,* ─── U.S. ───, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990); *United States v. Huerta,* 878 F.2d 89, 91 (2d Cir.1989), *cert. denied,* ─── U.S. ───, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); *United States v. Grant,* 886 F.2d 1513, 1513–14 (8th Cir.1989). The District Court thus did not err in construing § 5K1.1.

■ We also reject Ortez's claims that § 5K1.1, construed to allow downward departures for substantial assistance only upon government motion, is contrary to its enabling legislation and is unconstitutional. Because Ortez did not raise these challenges below, these claims are subject to review by this Court only if the errors allegedly committed by the District Court amount to plain error. *See, e.g., United States v. Bass,* 535 F.2d 110, 116 (D.C.Cir. 1976). Plain errors are those errors which so fundamentally violate a defendant's rights that they require reversal regardless of the defendant's failure to object to them at trial. *United States v. Blackwell,* 694 F.2d 1325, 1340 (D.C.Cir.1982). In this case, we find that the District Court's application of § 5K1.1 was not plain error. In fact, we doubt that it was error at all. Those courts that have addressed the constitutional and statutory challenges raised by Ortez have found that § 5K1.1 follows the statutory mandate and does not run afoul of the Constitution. *Ayarza,* 874 F.2d at 652–53; *Huerta,* 878 F.2d at 93; *Grant,* 886 F.2d at 1514. We thus decline to address Ortez's newly-raised challenges to the statutory validity and the constitutionality of § 5K1.1.**

** Ortez also argues, for the first time on appeal, that the District Court erred by not specifically enforcing Ortez's plea agreement with the government and ordering the government to file

a departure motion for substantial assistance. Ortez's plea agreement required both that he cooperate and that his cooperation render substantial assistance to the government before the

## III. District Court's Refusal to Sentence Ortez to Probation

The District Court did not sentence Ortez to probation because probation is available under the guidelines to only those defendants whose sentence ranges authorize sentences as low as zero months of incarceration. When sentencing Ortez, Judge Revercomb stated, "the public policy has reached the point ... as recognizing that someone who engages in this activity must indeed be incarcerated." Transcript of Sentencing 15.

Ortez takes issue with this statement and argues that he should have received a sentence of probation. Ortez claims that in authorizing the Sentencing Guidelines, Congress recognized that probation is preferable to imprisonment when the purpose of sentencing is to promote rehabilitation, as in the case of a first offender like Ortez. To the extent that the guidelines preclude a district court from sentencing a defendant like Ortez to probation, Ortez argues that the guidelines conflict with their own enabling legislation and cannot stand.

Ortez points to several statutory provisions to support his argument. First, Congress directed the Commission to promulgate a guideline to determine "whether to impose a sentence to probation, a fine, or a term of imprisonment." 28 U.S.C. § 994(a)(1)(A). Only then, according to Ortez, was the Commission directed to establish a guideline to determine the appropriate amount of the fine or the appropriate term of the imprisonment or probation. 28 U.S.C. § 994(a)(1)(B). In other words, Ortez claims that the Commission was directed to establish separate sets of guidelines: one for determining what type of punishment to impose and another for determining how much of that type of punishment to impose. Second, Ortez notes that Congress directed the Commission to establish guidelines reflecting the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense. 28 U.S.C. § 994(j). Third, Ortez argues that 18 U.S.C. § 3553(a)(4), which directs a sentencing judge to consider the kinds of sentences available, provides evidence that Congress intended for sentencing judges to make "probation versus incarceration" determinations independent of their decisions about how much probation or incarceration to order.

■ Congress granted the Commission wide discretion to determine the appropriateness of probation in 28 U.S.C. § 994(j). *White*, 869 F.2d at 827. The Commission has not abused this discretion in adopting Sentencing Guidelines under which probation is available as a sentencing option only where the sentence range for a convicted defendant provides for a term of incarceration of as little as zero months. The Commission could reasonably conclude that the "probation versus incarceration" determination should be made *after* the determination of how much incarceration would be appropriate, and that any defendant for whom the lower end of the applicable sentence range exceeds zero months should not receive probation. Further, although Congress did direct the Commission to adopt guidelines reflecting the general propriety of probation sentences for first offenders convicted of committing less serious crimes, the Commission could reasonably conclude that the guidelines were structured so that the "less serious crimes" for which probation might be available for first offenders are also those crimes for which the applicable sentence ranges for first offenders include zero months of incarceration. In any event, this Court is not compelled to dismiss as "less serious" the drug-related crimes for which Ortez was convicted. While Congress may have intended the guidelines to reflect the proprie-

government was obliged to file the departure motion. Although Ortez argues that he did cooperate, he offers no support for a claim that his cooperation rendered substantial assistance to the government. In fact, before the District Court, Ortez's counsel conceded that Ortez prob-

ably had not provided the substantial assistance that the DEA agents sought and that nothing had materialized from Ortez's efforts. We thus find no basis for Ortez's claim that the government breached the plea agreement.

ty of probation for first offenders convicted of less serious offenses, it also expressed an intention that serious, drug-related offenses lead to sentences of incarceration. 28 U.S.C. § 994(i). Congress also directed the Commission to ensure that the guidelines reflect the fact that in many cases then-current sentences did not accurately reflect the seriousness of the offenses. 28 U.S.C. § 994(m). We thus join the Fifth Circuit in concluding that the Sentencing Guidelines' limitations on the availability of probation as a sentencing option are not inconsistent with the enabling legislation. *White*, 869 F.2d at 827.

### IV. Ortez's Other Claims

Ortez's other complaints on appeal warrant only brief mention. Ortez argues that the District Court was mistaken about a number of material facts when it decided not to depart downward from the applicable sentencing range. None of Ortez's objections was raised below, so we can only reverse if the District Court's errors amounted to plain error. Not only did the District Court's alleged factual errors not amount to plain error, but we doubt that they were even material.

### V. Conclusion

For the foregoing reasons, we conclude that the District Court did not err by declining to depart downward from the applicable Sentencing Guidelines range due to Ortez's alleged substantial assistance to authorities. Further, we conclude that the Sentencing Commission acted within its discretion in establishing guidelines which authorize a sentence of probation only when a defendant's sentence range under the applicable guidelines provides for zero months of incarceration. Finally, we conclude that Ortez's other claims lack merit. We therefore affirm the judgment of the District Court.