976 F.2d 47
 298 U.S.App.D.C. 99
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Arvin John HILTON, Appellant.
 No. 91-3292.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 16, 1992.
 
 Before BUCKLEY, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that Hilton's conviction and sentence be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 The district court did not err in denying appellant's motion to suppress physical evidence. The record supports the conclusion that the officers who executed the search warrant in this case did so within the requirements of the "knock and announce" statute, 18 U.S.C. § 3109. United States v. Bonner, 874 F.2d 822, 824 (D.C.Cir.1989). The district court's finding that the police officers did not try to enter the house through the window prior to knocking and announcing their presence is not clearly erroneous. See United States v. Socey, 846 F.2d 1439, 1445 (D.C.Cir.1988).
 
 
 5
 The district court's refusal to depart downward from the guideline sentence due to Hilton's diminished capacity was neither imposed in violation of law nor a result of an incorrect application of the sentencing guidelines. The district court properly inquired into whether Hilton suffered from diminished capacity, and, if so, whether it contributed to the commission of the offense. United States v. Adonis, 891 F.2d 300, 303 (D.C.Cir.1989). The district court did not misapply the Guidelines. "Decisions not to depart downward from an applicable guidelines range are generally reviewable only to the extent they were imposed in violation of law or were imposed as a result of an incorrect application of the sentencing guidelines." United States v. Ortez, 902 F.2d 61, 63 (D.C.Cir.1990). See also 18 U.S.C. § 3742(a) (the defendant may appeal his sentence only if it was imposed in violation of law or as a result of an incorrect application of the sentencing guidelines). This court is therefore without authority to review the district court's refusal to depart downward from the guideline minimum sentence. See United States v. Ortez, 902 F.2d at 63-64.