**UNITED STATES of America**

v.

**Walter Robert FOSTER, III, Appellant.**

**No. 92–3092.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 18, 1993.
Decided March 26, 1993.

Edward C. Sussman (appointed by this Court) for appellant.

Valinda Jones, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, Thomas J. Tourish, Jr., and Mary Patrice Brown, Asst. U.S. Attys., were on the brief, for appellee.

Before MIKVA, Chief Judge, and WILLIAMS and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Walter R. Foster, III, appeals from judgment imposing a twenty-seven month sentence for violation of 21 U.S.C. § 856(a)(1) (1988). He assigns as error the District Court's denial of the prosecution's motion for reduction of sentence under section 5K1.1 of the United States Sentencing Guidelines; refusal of a downward departure under section 4A1.3 of the Guidelines; and refusal of an adjustment under section 3B1.2 of the Guidelines for having had only a minor role in the offense of conviction. As each ruling is either unreviewable or waived because not raised below, or both, we affirm.

## I. BACKGROUND

Appellant and a co-defendant, Teddy Alonzo Hines, were indicted on September 26, 1991, and charged with conspiracy to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 846 (1988); distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii) (1988); and distribution of more than five grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (1988 & Supp. III 1991). Appellant alone was also charged with maintaining a premises to manufacture, distribute or use a controlled substance, in violation of 21 U.S.C. § 856(a)(1). Co-defendant Hines was also charged alone on several counts.

In January 1992, Foster pled guilty to maintaining a premises to manufacture, distribute and use a controlled substance. Pursuant to his plea agreement, Foster agreed to testify for the government at Hines's trial. The following day, Hines pled guilty to possession of cocaine base.

In March 1992, both defendants were sentenced. Foster, whose sentencing range under the Guidelines was twenty-seven to thirty-three months, was sentenced to twenty-seven months. Hines, whose Guidelines range was zero to six months, received three years probation. The government moved under section 5K1.1 for a downward departure from the Guidelines sentence range on the grounds that Foster's offer of cooperation in the trial against Hines amounted to "substantial assistance" warranting a reduction in sentence below the applicable Guidelines range. U.S.S.G. § 5K1.1 (1992). Judge Greene denied the motion, noting that in

his judgment Foster was no more deserving of a section 5K1.1 departure "than fifty other people I have seen in this courthouse in the last two, three years" who did not get the benefit of such a departure.

## II. DISCUSSION

### A. *The Section 5K1.1 Motion*

Appellant argues that the section 5K1.1 motion was denied due to "an ongoing conflict" between the District Court and the United States Attorney's Office over control of sentencing issues. Appellant asserts that Judge Greene has been "particularly prominent" in voicing his displeasure at the constraints placed upon him by the Sentencing Guidelines. Appellant further urges that the sentencing transcript evinces the judge's belief that the government had filed its motion for purposes of inappropriately manipulating appellant's sentence, and argues that the judge abused his discretion in rejecting the section 5K1.1 motion on this basis.

A sentencing judge is not required to grant a departure just because the government requests one. *See, e.g., United States v. Zine,* 906 F.2d 776, 778 (D.C.Cir.1990) (per curiam); *United States v. Munoz,* 946 F.2d 729, 730 (10th Cir.1991). The denial of a departure request is ordinarily entirely within the discretion of the District Court, and is unreviewable unless the record indicates that the judge denied the request because he misunderstood his legal authority to depart under the Guidelines. *See, e.g., United States v. Beckham,* 968 F.2d 47, 53 (D.C.Cir.1992); *United States v. Hazel,* 928 F.2d 420, 423 (D.C.Cir. 1991); *United States v. Lopez,* 938 F.2d 1293, 1296 (D.C.Cir.1991); *United States v. Ortez,* 902 F.2d 61, 63–64 (D.C.Cir.1990).

Here Judge Greene clearly knew he had the authority to depart from the Guidelines on the grounds of appellant's assistance to the government. He stated specifically that "if I have discretion where a [section] 5K letter has been filed, I have the discretion both to accept it and to reject it, and I reject it."

As to appellant's argument that the District Court's decision was an improper retaliation based on a struggle between the court and the United States Attorney's Office over granting departures, we find untenable the unsupported assertion that an experienced and distinguished judge punished a defendant from motives of personal pique toward a prosecutor.

True, the judge did criticize the United States Attorney's Office for seeking a departure in this case. During a colloquy with the prosecutor at sentencing, the court questioned whether the government had filed its departure motion in order to correct a perceived inequity between appellant's sentencing range and that of his co-defendant, and implied that a section 5K1.1 departure based solely on a perceived inequity in sentences among co-defendants would be improper. But, when he ruled on the government's motion, he made clear that he rejected the request "because [appellant's] cooperation with the government seems to me to have been no greater than that of anybody else who comes here and who has a plea bargain and agrees to testify against his cohorts." Section 5K1.1 authorizes departures only on the basis of *"substantial* assistance" in the investigation or prosecution of another person, a condition that the court deemed unmet. U.S.S.G. § 5K1.1 (emphasis added). In fact, in response to a defense inquiry, he specifically stated that he did not reject the government's departure request because he thought the request was invalidly issued; instead, he recognized his discretion in the matter but chose not to depart because appellant's cooperation was not sufficiently substantial.

Appellant asks us to take the extraordinary step of discrediting the stated rationale of the District Court for its ruling on a motion. To do so would be to open a Pandora's box of mischief and confusion. The very integrity of appellate review rests upon a presumption that judges make decisions on the reasons stated in support of their conclusions. We find no merit whatsoever in appellant's contention that the judge's stated reasons can be cynically dismissed as an attempt by the court to

"couch its decision in terms that would insulate it from appellate scrutiny." Appellant's Br. at 14. We will not look behind a judge's stated rationales in a search of hidden agendas.

### B. Sections 4A1.3 and 3B1.2

Foster argues that before the government filed the section 5K1.1 motion, he had maintained that he was entitled to a two level downward adjustment for his minor role in the offense and also requested that the sentencing court should depart downward based on overstatement of criminal history. Appellant's Br. at 16. Section 4A1.3 of the Guidelines provides for either an upward or downward departure from the sentencing range when the criminal history category significantly under- or overrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes. U.S.S.G. § 4A1.3. Section 3B1.2 of the Guidelines directs that a defendant's offense level should be decreased two levels if the defendant was a "minor" participant in any criminal activity, four levels if the defendant was a "minimal" participant, or three levels in intermediate cases. U.S.S.G. § 3B1.2.

■■■ These Guidelines sections have different implications for appellate review. Absent a mistake of law, a district court's denial of a request for a section 4A1.3 departure is unreviewable. Appellant does not even allege that the trial judge misconstrued his legal authority to depart downward under section 4A1.3. Thus, this denial is not reviewable. Further, the record does not support the assertion that appellant ever made a request for a section 4A1.3 departure; thus this argument would have been waived, even if it were reviewable.

■■■ A district court's failure to make a downward adjustment under section 3B1.2 is reviewable, but only to a limited extent. A number of circuits have held that a defendant waives sentencing adjustment challenges when he fails to bring these challenges to the attention of the sentencing court. See, e.g., United States

v. Uricoechea–Casallas, 946 F.2d 162, 166 (1st Cir.1991); United States v. Sergio, 934 F.2d 875, 881 (7th Cir.1991); United States v. Asseff, 917 F.2d 502, 506 n. 4 (11th Cir.1990) (per curiam); United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990). We agree that a request for an adjustment under the Guidelines is waived if the argument is not made at sentencing.

■■■ We make exceptions to this rule only in that we will review sentencing issues raised for the first time on appeal for "plain error." See, e.g., United States v. Broxton, 926 F.2d 1180, 1183 (D.C.Cir.), cert. denied, — U.S. —, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991); United States v. Ortez, 902 F.2d 61, 64 (D.C.Cir.1990). To qualify as plain, an error "must be more than obvious or readily apparent," United States v. Young, 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 1047 n. 14, 84 L.Ed.2d 1 (1985), or "clear under settled law." United States v. Thomas, 896 F.2d 589, 591 (D.C.Cir.1990) (per curiam). A plain error must also be so gravely prejudicial as to result in a "miscarriage of justice" if not corrected on appeal. United States v. Frady, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982).

■■■ This case does not fit within the exception to the waiver rule. This request for adjustment under the Guidelines does not raise issues that would warrant first-time review on appeal, nor do we see any gravely prejudicial error that resulted from the court's failure to grant appellant a downward adjustment. Therefore, appellant's section 3B1.2 claim is waived if he fails to present it to the District Court. Appellant did fail to do so.

Appellant never made a request for an adjustment under section 3B1.2 of the Guidelines. He only asked the court to consider his criminal history and relative culpability in deciding the section 5K1.1 motion. He did not dispute any of the findings of his presentence report or file objections to the report on the grounds that his criminal history and role in the offense were overstated. Appellant's Memorandum in Aid of Sentencing asked nothing

more of the sentencing judge than that he consider these other factors when he determined how far to depart from the Guidelines on the basis of the section 5K1.1 motion. Appellant's argument may have done him some good. Although the judge denied the government's section 5K1.1 motion, he sentenced appellant to the lowest term of imprisonment within the Guidelines range, taking into account his cooperation in the case against his co-defendant.

By failing specifically to request an adjustment under section 3B1.2 for role in the offense, appellant has waived this issue. *See United States v. Bradshaw*, 935 F.2d 295, 303 (D.C.Cir.1991); *United States v. Sergio*, 934 F.2d 875, 881 (7th Cir.1991) ("A defendant cannot claim, merely by reciting to the court a list of mitigating facts, that he has properly invoked any guideline provision to which those facts might be relevant.").

### III. CONCLUSION

A District Court has the discretion to accept or reject the government's section 5K1.1 motion for a departure. The District Court—not the prosecutor—makes the determination upon the motion of the prosecutor whether a defendant is entitled to a downward departure for providing assistance in the investigation or prosecution of another person. As to both the section 5K1.1 motion and the failure to depart under section 4A1.3, because the sentencing judge did not misunderstand his legal authority to depart, his decision not to depart is unreviewable. In addition, the section 3B1.2 adjustment request was waived because this motion was not made at sentencing. There is no exception to this waiver because a section 3B1.2 request does not raise primarily constitutional issues.

Foster's sentence, therefore, is

*Affirmed.*