**UNITED STATES of America, Appellee,**

v.

**Kevin M. DAWSON, Appellant.**

**No. 91–3203.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 9, 1993.

Decided April 16, 1993.

A.J. Kramer, Federal Public Defender, Washington, DC, for appellant.

Barbara A. Grewe, Asst. U.S. Atty., of the bar of the Supreme Court of Virginia, pro hac vice, by special leave of the court, with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher, Roy W. McLeese, III and Robert J.

Meyer, Asst. U.S. Atty., Washington, DC, were on the brief, for appellee.

Before EDWARDS, BUCKLEY and HENDERSON, Circuit Judges.

PER CURIAM:

Appellant Kevin M. Dawson was sentenced to 151 months' incarceration after he pleaded guilty to drug-related offenses. At his sentencing hearings,[1] Dawson sought a downward departure pursuant to the policy statement comprising section 5K2.0 of the United States Sentencing Guidelines (Guidelines). Section 5K2.0 allows a departure from the prescribed sentencing range if no other provision of the Guidelines adequately addresses the defendant's circumstances. The district court did not grant a downward departure because it concluded that the policy statement comprising section 5K1.1 of the Guidelines covers Dawson's circumstances. On appeal, Dawson challenges on various theories the validity of the section 5K1.1 policy statement. Because Dawson did not make his challenges below, we will consider them on appeal only to decide whether the district court committed plain error. We conclude that the district court did not commit plain error and, accordingly, we affirm.

## I.

As part of his written plea agreement, Dawson agreed to "testify[ ] completely and truthfully before any grand jury, or at any trial or other proceeding." Government's Appendix at R.10. Although he initially cooperated with the government, Dawson refused to testify at the trial of his codefendants. As a result, in part, of his refusal, the government dismissed its case against one codefendant and proceeded with a weakened case against the other, ultimately leading to the latter's acquittal. Defendant's Appendix at 24–25. According to Dawson, he refused to testify because threats were being made against his family

but his family had declined police protection. At sentencing, Dawson contended that "the peculiar circumstances of his refusal to testify being based on a justifiable concern for the safety of his family is [sic] exactly the type of mitigating circumstance not adequately considered by the Sentencing Commission," Defendant's Memorandum in Aid of Sentencing at 2, and sought a downward departure under section 5K2.0 of the Guidelines. That section, entitled *"Grounds for Departure* (Policy Statement)," provides:

> Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'

U.S.S.G. § 5K2.0, p.s.

At the first sentencing hearing, Dawson asked the court "to depart downward[ ] because in the end he had cooperated fully[ ] and ... his failure to testify, while it was his decision, was based on factors totally beyond his control." Defendant's Appendix at 22. The district court continued the hearing to allow the Departure Committee of the United States Attorney's Office (Departure Committee)[2] to reevaluate Dawson's cooperation. The Departure Committee again concluded that a downward departure was not warranted. At the second hearing, Dawson reemphasized his cooperation and repeated his argument that the Guidelines "allow a court to recognize the unusual or peculiar circumstances of an individual case" such as his. *Id.* at 43.

The district court rejected Dawson's argument, concluding that section 5K1.1 addressed his circumstances and therefore section 5K2.0 did not apply. Section 5K1.1, entitled *"Substantial Assistance to Au-*

---

1. The district court held two sentencing hearings, one on May 10, 1991, and one on June 21, 1991.

2. The Departure Committee evaluates a defendant's cooperation in order to decide whether the government will make a motion to depart under section 5K1.1 of the Guidelines. Government's Brief at 6.

*thorities* (Policy Statement)" provides that *"[u]pon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1, p.s. (emphasis added). The district judge explained:

I did believe early on, even before sentencing began, that the only basis for departure in this case would be a recommendation from the U.S. Attorney alleging substantial assistance. So, therefore, I cannot depart. I do not believe I can depart under the section that you have recommended. It was in your memorandum in aid of sentencing, and I have reviewed it, and I have reviewed the Guidelines, and I just disagree that I have the ability under that to depart.

Defendant's Appendix at 47. In other words, the district court concluded that the section 5K1.1 procedure was the only way in which a departure could be granted.

Dawson appeals the district court's refusal to depart by challenging the validity of section 5K1.1. First, Dawson asserts that section 5K1.1 is invalid because Congress, in enacting 28 U.S.C. § 994(n), directed that "[t]he Commission shall assure that the *guidelines* reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed ... to take into account a defendant's substantial assistance." 28 U.S.C. § 994(n) (emphasis added). Because section 5K1.1 is entitled "Policy Statement" instead of "Guideline," it does not, according to Dawson, comply with the congressional directive. Second, he contends that section 5K1.1 is a rule of practice and procedure and only the Supreme Court can promulgate such a rule. Third, he argues that the provision of section 5K1.1 conditioning the substantial assistance to authorities departure on the government's motion invalidly modifies the departure standard set forth in 18 U.S.C. § 3553(b).[3] Finally, he argues that the

court has virtually plenary power to depart under section 3553(b) if the Guidelines do not adequately cover the defendant's circumstances and section 5K1.1 invalidly restricts the court's power. As we explain below, because Dawson failed to make his arguments in the district court, we consider their merits only to determine if plain error occurred.

## II.

As noted above, Dawson principally relied upon section 5K2.0 at the sentencing hearings as a ground for departure on the basis that the threats to his family constituted a mitigating circumstance not adequately considered by the Guidelines. His reliance on his cooperation with the government, however, could be read as an attempt to invoke section 5K1.1. Even assuming Dawson argued that a departure was warranted under section 5K1.1, his reliance on that section would be unavailing for another reason: the government did not make the required motion. He did not challenge the government motion condition nor did he argue the guideline/policy statement distinction or that section 5K1.1 is an invalid rule of practice and procedure.

We have consistently declared that if a defendant fails to except to the district court's ruling on a specific ground, we will review the district court's ruling only for plain error. *See United States v. Ortez,* 902 F.2d 61, 64 (D.C.Cir.1990). "Plain errors are those errors which so fundamentally violate a defendant's rights that they require reversal regardless of the defendant's failure to object to them at trial." *Id.* Put another way, the error must "rise to the level of error so 'obvious and substantial' or so 'serious and manifest' that it affects the very integrity of the trial process." *United States v. Blackwell,* 694 F.2d 1325, 1341 (D.C.Cir.1982) (citations omitted).

---

3. Section 3553(b) states:
   The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circum-

stance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

The district court's decision not to depart under section 5K2.0 does not constitute plain error because section 5K1.1 adequately addresses the defendant's circumstances. Moreover, there was no reason for the district court to question the validity of section 5K1.1. On two previous occasions, we have rejected challenges to the validity of section 5K1.1. In *United States v. Doe*, 934 F.2d 353 (D.C.Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 268, 116 L.Ed.2d 221 (1991), we rejected the defendant's various statutory and constitutional challenges to section 5K1.1. She had argued, in part, that the government motion requirement offends due process and that it conflicts with the language of 28 U.S.C. § 994(n). Similarly, in *United States v. Ortez*, 902 F.2d 61, 64 (D.C.Cir.1990), we rejected the defendant's argument that the government motion requirement conflicts with the Guidelines' enabling legislation or is unconstitutional. Our court has twice previously rejected constitutional and statutory challenges to section 5K1.1 and we cannot say that Dawson's challenge exposes an error "so 'obvious and substantial' or so 'serious and manifest' that it affects the very integrity of the trial process." *Blackwell*, 694 F.2d at 1341.[4]

Indeed, *Ortez* guides us in Dawson's case. In *Ortez*, the defendant contended in the district court that his cooperation justified a downward departure. The government did not move for a downward departure because it determined that Ortez had not provided substantial assistance. Ortez raised the constitutional and statutory challenges only on appeal. We concluded that the district court's "application of § 5K1.1 was not plain error." *Id.* Likewise, Dawson challenged the validity of section 5K1.1 only on appeal and we conclude that, in reading section 5K1.1 to deny a downward departure under section 5K2.0, the district court did not commit plain error. The judgment of the district court accordingly is

*Affirmed.*

---

**4.** In neither of the cases did the defendant argue that section 5K1.1 is invalid because it is a policy statement.

EDWARDS, Circuit Judge, concurring: I concur in the judgment of the court, but write separately to highlight an issue of serious concern regarding the validity of policy statement 5K1.1.

The "policy statement" embodied in U.S.S.G. § 5K1.1 is purportedly authorized by 28 U.S.C. § 994(n) (1988), a statutory provision enacted by Congress as part of the Anti–Drug Abuse Act of 1986. The statute provides that

> [t]he Commission shall assure that the *guidelines* reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

28 U.S.C. § 994(n) (codifying Pub.L. No. 99–570, § 1008, 100 Stat. 3207–7 (1986)) (emphasis added). The Commission has never promulgated a *guideline* pursuant to 28 U.S.C. § 994(n) that addresses departures based on the defendant's substantial assistance to law enforcement efforts. Rather, in response to this statutory mandate, the Sentencing Commission promulgated the afore-cited *policy statement*, which provides, in part, that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1, p.s. The appellant argues that the Commission's promulgation of a policy statement, in the absence of a guideline addressing departures based on substantial assistance, violates the mandate of section 994(n) and renders policy statement 5K1.1 invalid.

The appellant's argument rests on the distinction made in the statute between "guidelines" and "general policy statements." In 28 U.S.C. § 994(a), Congress mandated that the Commission "shall pro-

mulgate and distribute ... guidelines ... for use of a sentencing court in determining the sentence to be imposed in a criminal case," and "general policy statements *regarding application of the guidelines* or any other aspect of sentencing or sentence implementation." 28 U.S.C. § 994(a)(1)–(2) (emphasis added). Appellant argues that a straightforward reading of the statute reveals that guidelines and policy statements are quite distinct, for a policy statement presupposes—indeed, cannot exist apart from—a guideline that addresses the same subject. Based on this reading of section 994(a), appellant concludes that the Commission violated the clear mandate of section 994(n) because it promulgated a policy statement in lieu of a guideline, and because it promulgated a policy statement in the absence of a guideline addressing departures based on the defendant's substantial assistance. The appellant's reading of section 994(a) has much force, thus raising a serious question concerning the validity of policy statement 5K1.1.

In its brief and at oral argument, the Government asserted that the word "guidelines," as used in section 994(n), generally refers to both guidelines and policy statements, and that the Commission has the discretion to determine which to promulgate even though section 994(n) makes explicit reference to "guidelines." This reading of the statute is untenable because it assumes that there is no meaningful distinction between the words "guidelines" and "policy statements," as used in the statute. The statute itself belies this assumption. Section 994(a) draws an unequivocal distinction between "guidelines," 28 U.S.C. § 994(a)(1), and "general policy statements *regarding application of the guidelines.*" 28 U.S.C. § 994(a)(2) (emphasis added). Other sections of the statute make explicit reference to guidelines, general policy statements, or both. *See, e.g.,* 28 U.S.C. § 994(a)(3) (referring specifically to "guidelines or general policy statements"); § 994(b)(1) (referring specifically to "the guidelines promulgated pursuant to subsection (a)(1)"); § 994(c) (referring specifically to "guidelines and policy statements"); § 994(v) (referring specifically to

"general policy statements promulgated pursuant to subsection (a)(2)"). Thus the statute shows that Congress made deliberate use of the words "guidelines" and "policy statements." Because section 994(n) specifically refers to *guidelines,* not to "guidelines or general policy statements," one must assume that Congress meant what it said—that the Commission was required to promulgate guidelines addressing departures based on the defendant's substantial assistance, and had the discretion to promulgate policy statements regarding the application of those guidelines.

The Government's attempts to clarify its position at oral argument did nothing to bolster its claim that policy statement 5K1.1 is a valid exercise of the Commission's authority under 28 U.S.C. § 994(n). If anything, the concessions that the Government made at oral argument exposed the weakness of its position. For example, the Government conceded that the Sentencing Commission could not have promulgated exclusively policy statements, with no guidelines, in response to its statutory mandate to "promulgate and distribute ... guidelines ... for use of a sentencing court in determining the sentence to be imposed in a criminal case." 28 U.S.C. § 994(a)(1). Thus, the Government acknowledged that the Commission did not have discretion to choose whether to promulgate guidelines or policy statements under this section of the statute. Furthermore, the Government conceded that if the Sentencing Commission had *only* promulgated policy statement 5K1.1 in response to its general mandate to create a sentencing scheme, then policy statement 5K1.1, in the absence of any guidelines, would not be enforceable. The Government asserted, however, that if the Commission had promulgated 5K1.1 *with* a guideline addressing substantial assistance, then 5K1.1 and that guideline, even in the absence of all other guidelines, would be enforceable. Thus, the Government effectively conceded the appellant's argument—*i.e.,* that policy statement 5K1.1 is invalid, unless it is promulgated with a guideline that addresses departures

based on the defendant's substantial assistance to which the policy statement refers.

Finally, the Government can take no comfort in *Williams v. United States,* —— U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), which it cited for the general proposition that there is no meaningful distinction between guidelines and policy statements for the purpose of implementing the mandate in section 994(n). The Court in *Williams* did not address whether a policy statement promulgated in the absence of a corresponding guideline is a valid exercise of the Commission's authority. Rather, the Court apparently assumed that the policy statement at issue in *Williams* explained an applicable guideline. *See id.* —— U.S. at ——, 112 S.Ct. at 1119 ("Where, as here, a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the *applicable guideline.*") (emphasis added). By contrast, in this case there is no guideline applicable to the determination that a defendant has substantially assisted law enforcement efforts.

As a final matter, the precise issue raised by the appellant has never been addressed by this court. This court has twice held that the government motion requirement established by policy statement 5K1.1 is not inconsistent with its enabling statute, nor constitutionally infirm. *United States v. Doe,* 934 F.2d 353, 361 (D.C.Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 268, 116 L.Ed.2d 221 (1991); *United States v. Ortez,* 902 F.2d 61, 64 (D.C.Cir.1990) (plain error review). But this court has never considered whether policy statement 5K1.1 is invalid because the Commission was required to promulgate a guideline under 28 U.S.C. § 994(n).

Nevertheless, this is not the appropriate case in which to address this question because, as the appellant conceded, his specific arguments were not raised below, and the sentencing court was not given a full and fair opportunity to rule on the issue. Thus, we must review the appellant's claims under the "plain error" doctrine, which permits reversal only when an error so fundamentally violates a defendant's

rights that it jeopardizes the integrity of the judicial proceeding below. *United States v. Pryce,* 938 F.2d 1343, 1350 (D.C.Cir.1991) (applying plain error doctrine when issue was raised in a way "too general to alert the trial court to [the appellants'] current claim"), *cert. denied,* —— U.S. ——, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992), *and cert. denied,* —— U.S. ——, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992); *Ortez,* 902 F.2d at 64 (applying plain error doctrine when defendant failed to object during sentencing); *United States v. Blackwell,* 694 F.2d 1325, 1342 (D.C.Cir.1982) (noting that "a key reason" for the plain error doctrine is to give the trial court "a fair and prompt opportunity to cure or prevent the original error"). In some future case, in which the District Court has been given the opportunity to consider fully the arguments here asserted, this court will be in a position to give serious consideration to the troubling questions raised by the appellant concerning the validity of policy statement 5K1.1.