48 F.3d 562
 310 U.S.App.D.C. 386
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Ricardo Omar LOVE, aka Rick, Appellant.
 No. 92-3136.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 23, 1995.
 
 Before: WILLIAMS, GINSBURG, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's sentence be affirmed for the reasons in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The district court correctly calculated appellant's criminal history points under the United States Sentencing Guidelines ("U.S.S.G."). Not only did appellant's prior, unrelated misdemeanor convictions result in two separate sixty-day sentences, but appellant served a period of imprisonment on each sentence. See U.S.S.G. Secs. 4A1.1(b), 4A1.2(a)(2). See also Application Notes 2, 11, Sec. 4A1.2. Appellant argues, for the first time on appeal, that work release is not a sentence of imprisonment. While we would normally review the claim for clear error, United States v. Foster, 988 F.2d 206, 209 (D.C.Cir.1993), we need not resolve the issue as it is undisputed that appellant served a portion of the sentence in prison. Because the sentence was for 60 days and included incarceration, two criminal history points were properly awarded for the conviction. Finally, we lack jurisdiction to review the district court's refusal to depart downward under the Sentencing Guidelines. The denial of a departure request is within the discretion of the district court and is unreviewable unless the record indicates that the district court misunderstood its legal authority to depart. Id. at 208. Here there was no such misunderstanding; the district court expressly rejected appellant's argument that the criminal history score overstated his criminal history.