UNITED STATES of America, Appellee

v.

Raymond WATSON, Jr., Appellant.

In re SEALED CASE.

Nos. 92–3056, 94–3148.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 13, 1995.

Decided June 20, 1995.

Rehearing and Suggestion for Rehearing
In Banc Denied Aug. 2, 1995.*

* Wald, Circuit Judge, would grant the petition for rehearing.

Howard F. Bramson, appointed by the court, E. Brunswick, NJ, argued the cause for appellant.

Geoffrey Bestor, Asst. U.S. Atty., Washington, DC, argued the cause for the appel-lee. On brief were Eric H. Holder, Jr., U.S. Atty., and John R. Fisher and Roy W. McLeese, III, Asst. U.S. Attys. Elizabeth Trosman, Asst. U.S. Atty., entered an appearance.

Before: EDWARDS, Chief Judge; WALD and HENDERSON, Circuit Judges.

Separate concurring opinion filed by Chief Judge EDWARDS.

Separate opinion dissenting in part filed by Circuit Judge WALD.

PER CURIAM:

Raymond Watson, Jr. (Watson) appeals the district court's denial of his motion for a downward departure under section 5K2.0 of the United States Sentencing Guidelines (Guidelines). Watson argues that he is entitled to a section 5K2.0 departure because he exposed himself to danger and risked injury by cooperating with the government in its investigation of other suspects. We affirm the district court.

Watson was charged by indictment with one count of possessing with intent to distribute cocaine base (the possession count), in violation of 21 U.S.C. § 841(a)(1), and with one count of conspiracy to possess cocaine base with intent to distribute (the conspiracy count), in violation of 21 U.S.C. §§ 841(a) and 846. Watson entered a plea agreement with the government. Letter from Assistant United States Attorney Robert M. Kruger to Howard Bramson, Watson's Counsel (Appellee's Record Material at Tab A). Under the agreement, Watson entered a guilty plea on the possession count and agreed to cooperate with the government by providing information about all criminal activity of which he had knowledge. In return, the government dismissed the conspiracy count and agreed to advise the district court of Watson's assistance. Specifically, the government agreed to move at sentencing for a downward departure under section 5K1.1 of the Guidelines if it "determine[d], in its sole discretion, that [Watson] rendered substantial assistance in the investigation and prosecution of other(s) involved in criminal activities." *Id.* at 2 ¶ 6.

Despite what both parties acknowledge were Watson's good faith efforts to assist the Metropolitan Police Department, the Federal Bureau of Investigation and the Drug Enforcement Agency, the government declined to move for a section 5K1.1 departure for Watson. Apparently the information Watson provided either was already known by the government or did not lead to an arrest or the seizure of contraband.[1] Watson then moved for a section 5K2.0 departure because he exposed himself to danger and risked injury by cooperating with the government. The government opposed the motion. After briefing by the parties and a hearing, the district court denied Watson's motion and sentenced him within the applicable Guidelines range. The district court explained that it lacked legal authority to order a section 5K2.0 departure on the ground that Watson risked injury in attempting to obtain a section 5K1.1 "substantial assistance" departure.[2] Watson appeals the decision.

■ "The determination whether a particular factor is an appropriate ground for departure involves a question of statutory interpretation over which this court exercises plenary review." *United States v. Harrington*, 947 F.2d 956, 957 (D.C.Cir.1991) (internal quotation marks omitted). We affirm the district court's ruling that Watson is not entitled to a section 5K2.0 departure for exposing himself to danger by cooperating with the government.

■ Watson does not claim that he is entitled to a downward departure under section 5K1.1[3] for assisting the government. He concedes that a district court may order a section 5K1.1 departure only if the government moves for one and acknowledges that the government did not request such a departure in his case. Appellant's Brief at 11. The question is whether, when the government does not move for a sentencing departure under section 5K1.1, the district court may nevertheless find that risking injury by cooperating with the government is a "mitigating circumstance *of a kind,* ... not adequately taken into consideration by the Sentencing Commission" which warrants a departure under section 5K2.0.[4]

---

1. The government explained:

   While the defendant did provide information concerning possible law violations, much of the information provided to the law enforcement agencies was already known by these agencies, and none of the information provided led to the seizure of any weapons or contraband or to the arrest or conviction of any other person. Because the defendant's efforts did not actually provide substantial assistance in the investigation or prosecution of another person who had committed a criminal offense, the Government declined to file a departure motion for substantial assistance under Section 5K1.1.

   Government's Opposition to Defendant's Request for Sentencing Departure, January 29, 1992, at 1–2 (Appellee's Record Material at Tab C).

2. The district court stated:

   I agree that it is uncontested that the defendant conscientiously placed himself at risk in attempting to provide substantial assistance and secure from the government a 5K1 letter, but I believe that that is a factor that was necessarily subsumed in the Sentencing Commission's adoption of the procedures they adopted under 5K1, and that it would not be a ground under which I could grant a departure under 5K2.

   Appellee's Record Material, Tab E at 5.

3. Section 5K1.1 provides:

   Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
   (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
   (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
   (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
   (3) the nature and extent of the defendant's assistance;
   (4) any injury suffered, *or any danger or risk of injury to the defendant or his family resulting from his assistance;*
   (5) the timeliness of the defendant's assistance.
   U.S.S.G. § 5K1.1, p.s. (emphasis added).

4. Section 5K2.0 provides in relevant part:

   [T]he sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission

The United States Sentencing Commission (Commission) explicitly considered "danger or risk of injury to the defendant or his family resulting from his assistance" and included it as a factor under section 5K1.1 to be considered by the district court in determining the appropriate extent of a "substantial assistance" sentencing departure. *See* U.S.S.G. § 5K1.1(a)(4), p.s. We find no evidence, or reason to believe, that the Commission inadequately considered this mitigating circumstance in confining its applicability to section 5K1.1 and Watson provides none. Other courts have concluded that upon due consideration the Commission decided that "danger or risk of injury" does not constitute an independent basis for a sentencing departure. *See, e.g., United States v. Chotas*, 968 F.2d 1193, 1195–96 (11th Cir.1992) (holding that district court could not order sentencing departure under section 5K2.0 on ground of danger or risk of injury because such factor is "adequately comprehended by section 5K1.1"); *but see United States v. Romolo*, 937 F.2d 20, 24–25 (1st Cir.1991) (recognizing that "it is theoretically possible, albeit unlikely," that district court could grant section 5K2.0 departure in connection with defendant's cooperation even though government did not file motion for section 5K1.1 departure); *United States v. Khan*, 920 F.2d 1100, 1106 (2d Cir.1990) (same), *cert. denied*, 499 U.S. 969, 111 S.Ct. 1606, 113 L.Ed.2d 669 (1991).

If we accepted Watson's argument that "danger or risk of injury" is a mitigating circumstance of a kind not adequately considered by the Commission, we would undermine, if not eviscerate, the limits of section 5K1.1. Watson maintains that "danger or risk of injury," although listed in section 5K1.1(a) as a relevant factor for the district court to consider in determining an appropriate section 5K1.1 departure, nevertheless may be considered under section 5K2.0 when the government does not move for a section 5K1.1 departure. He does not differentiate the "danger or risk of injury" factor from the other section 5K1.1(a) factors which include the "significance and usefulness" and the "nature and extent" of the defendant's assistance. *See* U.S.S.G. §§ 5K1.1(a)(1), (a)(3), p.s. Under Watson's reading, then, the district court could consider under section 5K2.0 *any* factor listed in section 5K1.1(a). But it is well established that a court may *not* order a departure on the ground of the defendant's assistance if the government does not so move under section 5K1.1. *See United States v. Ortez*, 902 F.2d 61, 64 (D.C.Cir. 1990) ("Absent [a § 5K1.1] motion by the government, the guidelines do not authorize the sentencing court to depart below the applicable guidelines range in recognition of substantial assistance."). If a district court may not consider the other section 5K1.1(a) factors under section 5K2.0, factors which Watson has not distinguished from "danger or risk of injury," the district court may not consider the latter factor under section 5K2.0 either.

■ Section 5K2.0 also recognizes a "mitigating circumstance ... *to a degree* [ ] not adequately taken into consideration by the Sentencing Commission." U.S.S.G. § 5K2.0, p.s. (emphasis added). We do not decide whether this provision of the Guidelines entitles Watson to a downward departure because he did not *argue* below that the degree of harm he allegedly risked was so extraordinary that it was not adequately considered by the Commission.[5] *See United*

---

in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0, p.s. (quoting 18 U.S.C. § 3553(b)). Although the provision is "broadly-worded," *see* partial dissent at 1098, it is not boundless. *"[A]ny* mitigating circumstance," *id.* (emphasis original), must be mitigating to begin with. "To qualify as 'mitigating' a circumstance must be linked to one of the stated purposes of sentencing, *i.e.,* just punishment, adequate deterrence, public protection, or rehabilitation." *United States v. Clark*, 8 F.3d 839, 842 (D.C.Cir. 1993). Indeed, the Guidelines themselves provide that certain factors are not relevant or "not ordinarily relevant" to a departure decision. *See, e.g.,* U.S.S.G. §§ 5H1.1–5H1.6, 5H1.10–5H1.11, p.s.

5. Watson's counsel did assert at the presentencing hearing that "Mr. Watson's efforts in this case have been ... so personally endangering that under 5K2.0, the Court can and should find that Mr. Watson's entitled to a departure for those grounds." Appellee's Record Material, Tab D at 3. This merely conclusory statement without explanation or factual support does not constitute argument.

States v. Foster, 988 F.2d 206, 209 (D.C.Cir.) ("[A] request for an adjustment under the Guidelines is waived if the argument is not made at sentencing."), cert. denied, —— U.S. ——, 113 S.Ct. 2431, 124 L.Ed.2d 651 (1993); United States v. Bradshaw, 935 F.2d 295, 303 (D.C.Cir.1991) ("[I]n order to preserve for appeal an argument for departure from the guidelines, a defendant must press that specific argument before the district court.").[6] Accordingly, the district court's denial of Watson's motion for a sentencing departure under section 5K2.0 is

*Affirmed.*

HARRY T. EDWARDS, Chief Judge, concurring:

I am not prepared to say whether the District Court ever has the authority to depart under U.S.S.G. § 5K2.0, p.s., in a situation where a defendant proffers a claim that the nature or extent of the risk faced during an attempt to cooperate with authorities was so extraordinary as to be beyond the compass of U.S.S.G. § 5K1.1, p.s. *Cf. United States v. Romolo,* 937 F.2d 20, 24–25 (1st Cir.1991) (noting that it is "theoretically possible" that unusual circumstances surrounding cooperation attempt might justify departure under section 5K2.0, even in absence of section 5K1.1 motion); *United States v. Khan,* 920 F.2d 1100, 1106–07 (2d Cir.1990) (noting same "theoretical[ ] possib[ility]"), cert. denied, 499 U.S. 969, 111 S.Ct. 1606, 113 L.Ed.2d 669 (1991).

I agree that the District Court in this case assumed that it had no authority to depart in the absence of a Government motion, whether on the broader ground that section 5K1.1 does not, as a matter of law, preclude consideration of risk as a separate basis for departure, or on the ground that an unusual degree of risk could provide the basis for departure. I am unwilling to reach the question of the scope of the District Court's authority, however, because no proffer was made at trial to suggest that this case pre-

sented an *extraordinary* degree of risk incurred by the defendant in his cooperation attempts. Such a proffer by a defendant, and argument specifically based thereon, are necessary in order to bring before the District Court and preserve for appellate review the question of a possible departure based on degree of danger incurred. *Cf. United States v. Bradshaw,* 935 F.2d 295, 303 (D.C.Cir.1991) (sentencing court has no "affirmative obligation" to inquire into factual circumstances that might warrant departure; defendant must press specific argument for departure to preserve issue for review); *United States v. Khan,* 920 F.2d at 1107 (possible departure under section 5K2.0 not raised at sentencing or preserved for review; defendant failed to apprise District Court of mitigating circumstance possibly warranting departure).

WALD, Circuit Judge, dissenting in part:

Watson contends that in attempting to assist the government, he faced such an extraordinary degree of risk that the district court should have granted downward departure under § 5K2.0 of the Sentencing Guidelines, which authorizes departure when there is a "mitigating circumstance ... to a *degree* not adequately taken into consideration by the Sentencing Commission," U.S.S.G. § 5K2.0 (emphasis added). The *per curiam* opinion holds that he failed to make this argument below.

As I read the record, Watson did indeed make that argument. His attorney stated that "Mr. Watson's efforts in this case have been *so extensive* and *so complex* and *so personally endangering* that under 5K2.0, the Court can and should find that Mr. Watson's entitled to a departure for those grounds." Presentencing Hearing, tr. at 3 (emphasis added). He then advanced the theory that "5K2 was inserted for a specific reason and that reason was to allow the facts of a particular case that was *out of the norm*

---

**6.** This case does not fall within the plain error exception to the waiver rule. Under the exception, we consider a sentencing issue raised for the first time on appeal for error that is obvious under settled law and would result in grave prejudice or a miscarriage of justice if not corrected

on appeal. *Foster,* 988 F.2d at 209; *see also United States v. Dawson,* 990 F.2d 1314, 1316–17 (D.C.Cir.1993) (reviewing district court's ruling for plain error only inasmuch as appellant did not challenge validity of section 5K1.1 at sentencing).

to be left for the trial judge to determine whether or not it's *such an exception* ... to give departure." *Id.* at 4 (emphasis added). The clear implication is that this is an exceptional case, where the extraordinary degree of risk undertaken by Watson warrants departure under § 5K2.0.

Chief Judge Edwards notes that Watson made no detailed factual proffer concerning the degree of risk he faced. Edwards concurrence at 1097. But at the presentencing hearing the court sought from counsel only legal arguments concerning its authority to grant downward departure under § 5K2.0, *see* Presentencing Hearing, tr. at 4, 8–9, and once the court ruled that it did not have such authority, Sentencing tr. at 4–5, a detailed proffer on that issue would be pointless. Having stated his claim, Watson was told that it was not legally cognizable. Any further proffer would clearly have been futile.

Because in my view Watson raised the argument below, I would decide the legal issue of whether a district court does indeed have discretion under § 5K2.0 to grant downward departure based on a defendant's assumption of an extraordinary degree of risk in attempting to assist the government. Section 5K2.0 is a broadly-worded, open-ended provision, granting district courts discretion to take into account *any* mitigating circumstance of a kind or degree not adequately considered by the Sentencing Commission. The Sentencing Commission "took into consideration" factors of this *kind* when it formulated § 5K1.1, which grants eligibility for downward departure if the defendant succeeds (by the government's reckoning) in substantially assisting the government; "danger or risk of harm" is one factor that the court may consider in such cases. But § 5K2.0 independently authorizes departure when a factor of a *kind* considered elsewhere is nonetheless present to a *degree* not adequately taken into consideration. *United States v. Sklar*, 920 F.2d 107, 115 & n. 7 (1st Cir.1990) (§ 5K2.0 authorizes departure if the district court "finds a material circumstance which, although considered by the Sentencing Commission, is present 'to a degree' neither readily envisioned nor frequently seen"). *See, e.g., United States v. Gaither*, 1 F.3d 1040, 1043 (10th Cir.1993) (although acceptance of responsibility is a factor of a *kind* taken into account in § 3E1.1, it may be "so exceptional that it is 'to a *degree*' not considered" elsewhere, justifying departure under § 5K2.0) (emphasis added); *Sklar*, 920 F.2d at 116 (presentence rehabilitation is considered in determining whether "acceptance of responsibility" warrants departure under § 3E1.1, but "on rare occasion" rehabilitation may be "so extraordinary as to suggest its presence to a *degree* not adequately taken into consideration," justifying departure under § 5K2.0) (citation omitted) (emphasis added); *United States v. Harrington*, 947 F.2d 956, 962 (D.C.Cir.1991) ("leav[ing] open the possibility" of departure when rehabilitation is of an extraordinary degree, as described in *Sklar*).

If, for example, a defendant undertakes to ensnare his criminal colleagues in an undercover "sting" operation and is discovered before police backup arrives, he could face extreme risks, including the possibility of torture or death at the hands of his captors. Indeed, the danger is likely to be greatest when the informant's cover is blown, but such an operation might easily prove unsuccessful, and under § 5K1.1 a failed effort, however valiant or dangerous, must go unrewarded. I think a district court might on such an occasion conclude that the degree of risk undertaken in such an operation so truly extraordinary, *i.e.*, beyond the scope of those risks "readily envisioned [ ]or frequently seen," *Sklar*, 920 F.2d at 115, that downward departure is justified.

I would of course leave it to the sound discretion of the district court to determine, in each instance, whether the risk is of such an exceptional degree to warrant downward departure under § 5K2.0. The district court assumed—erroneously in my view—that it did not have discretion under § 5K2.0 to consider the degree of risk undertaken by Watson. I would remand for the district court to determine whether the risk in this case was so extraordinary as to justify downward departure.